[Crim. No. 827.   Second Appellate District, Division One.—October 28, 1921.]

## THE PEOPLE, Respondent, v. FRANK CARROLL, Appellant.

[1] CRIMINAL LAW—BETTING ON HORSE-RACES—PROOF OF ACTUAL RACE UNNECESSARY.—In a prosecution under section 337a of the Penal Code for pool-selling and book-making, for recording and registering bets and wagers upon the result and purported result of a contest and purported contest of speed between horses, or for making, offering, and accepting bets and wagers upon a like hazard, it is not necessary that the prosecution shall make proof that a race or contest upon which the defendant sold pools and accepted bets had been actually run, the offense being complete whenever it is shown that a person engaged in any of the acts described, having reference to a race or contest, actual or pretended.

[2] ID.—PROOF OF PRIOR OFFENSES—ABSENCE OF PREJUDICIAL ERROR.— In this prosecution under section 337a of the Penal Code, the defendant was not prejudiced by the action of the trial court in allowing the prosecution, over defendant's objection, to prove that on certain days prior to the date mentioned in the information a certain police officer had made with defendant two separate bets on two separate races to be run at Tia Juana, and that the defendant was at that time arrested, where such evidence was in line with testimony brought out by defendant on cross-examination

of a previous witness for the prosecution, and defendant did not request an instruction to be given to the jury regarding such evidence.

APPEAL from a judgment of the Superior Court of San Diego County. E. A. Luce, Judge. Affirmed.

The facts are stated in the opinion of the court.

Shreve, Dorn & Shreve for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

JAMES, J.—Appeal from a judgment directing that the defendant be imprisoned in the county jail of the county of San Diego for a period of four months, and from an order denying his motion for a new trial.

Defendant was informed against by the district attorney, who charged that the offense as differently defined in the several subdivisions of section 337a of the Penal Code had been committed by him on the thirty-first day of December, 1920. It was first charged that defendant on the day mentioned engaged in pool-selling and book-making; second, that he received, held, and forwarded money and considerations of value to be wagered and bet upon the result of a purported horse-race; third, that he recorded and registered bets and wagers upon the result and purported result of a contest and purported contest of speed between horses; fourth, that he made, offered, and accepted bets and wagers upon a like hazard. The jury in the case returned a verdict finding defendant guilty of having done the particular acts charged except those specified in the second paragraph of the information.

A police officer of the city of San Diego testified that upon the date mentioned in the information he visited a cigar-store where defendant was apparently employed and observed three men making a bet; that the defendant was recording the bet; that the betting was on horses which were to race at Tia Juana; that he saw three two-dollar bets made; that defendant took the money from the men and put it in his pocket, wrote upon slips which he set behind the counter on a shelf; that he heard the name of a horse,

"Little Jake," mentioned and saw race-form charts lying on the counter; that the defendant, while engaged with the three men, made the remark that they "would have to close up as the police was liable to drop in." This witness stated on cross-examination that he knew that the business being done by the defendant was of the kind charged because of his observation of the transaction referred to, and also because the defendant had been arrested before for the same thing. He further stated that the former case had not been tried so far as he knew. Defendants' counsel then asked the question: "Q. On that event and on this event you are basing your judgment that his business was that of taking bets on the races?" to which the witness answered "Yes, sir." The witness was further allowed to testify without objection that on the 31st of December races upon which the bets were made were being run at Tia Juana. Another police officer testified, from a program that had been used by him at the races on said date, that a horse called "Little Jake" was among the entries for that day. This race program, together with a "bookmaker's chart," the latter having been found at the place of business of defendant at the time of his arrest, were introduced in evidence, together with certain tickets bearing memoranda which were procured at the same time and place. [1] Defendant first contends that it was essential that the prosecution make proof that a race upon which the defendant sold pools and accepted bets had been actually run and that the evidence was insufficient to show that fact, and that the various documents introduced were incompetent for that purpose. The statute, in our opinion, does not require that the prosecution shall make proof that a race or contest upon which bets are taken or pools made shall be an actual one. The statute has been subjected to several amendments which have changed its original form and make inapplicable decisions rendered prior to the amendments. The words "purported bet or bets" and "purported trial or contest" have been carefully placed within each subdivision of the section. Those terms must be given the meaning which the words ordinarily imply, and it seems quite plain that the legislature intended that the offense as defined in the section should be complete whenever it was shown that a person engaged in any of the acts described, having reference to a

race or contest, actual or pretended. With this construction in mind, while the race program used by the officer who visited the race track on the 31st of December, 1920, would be immaterial, nevertheless its reception in evidence would be harmless.

[2] Over the objection of the defendant the prosecution was allowed to prove that on the sixteenth and seventeenth days of December, 1920, another police officer had made with the defendant two separate bets on races to be run at Tia Juana, and that the defendant was at that time arrested. Defendant did not request an instruction to be given to the jury regarding this evidence. We are of the opinion that its introduction should not be considered as of such prejudice to the defendant's rights as to require a new trial to be ordered. The testimony was in line with the statements of the first witness, who, upon the questions of defendant's counsel, testified to the fact of the former arrest of defendant on a charge like that made by the information in this case. It would have been entirely appropriate for the court in the instructions to have limited the effect of this evidence, and, had the defendant requested such an instruction, prejudicial error might have been predicated upon the refusal of the court to give it. The instructions as given were in exceedingly brief form, but counsel for the appellant makes no complaint as to the soundness of the law enunciated therein, or that they were not sufficiently comprehensive.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 27, 1921.

All the Justices concurred.

Lawlor, J., was absent, and Richards J., *pro tem.*, was acting.