[Crim. No. 906. Second Appellate District, Division One.—October 24, 1922.]

THE PEOPLE, Respondent, v. JACK SUTHERLAND, Appellant.

[1] CRIMINAL LAW — BOOKMAKING — EVIDENCE — IDENTIFICATION OF MATERIAL.—In this prosecution for recording and registering bets as that offense is defined in subdivision 4 of section 337a of the Penal Code, the evidence was sufficient to sustain the verdict of conviction; and the trial court did not commit error in admitting the testimony of two police officers who identified the various papers, cards, and documents found in the rooms occupied by defendant as being material such as is used by bookmakers, it first having been shown that they had had experience in ferreting out offenders engaged in bookmaking and that they had familiarized themselves with the paraphernalia ordinarily employed in that business. .

[2] ID.—TAKING OF BETS—RUNNING OF RACES—PROOF.—In a prosecution for recording and registering bets as that offense is defined in subdivision 4 of section 337a of the Penal Code, it is not necessary that it be established that the races upon which bets were being taken were actually being run at the time.

[3] ID.—ARGUMENT TO JURY—COMMENTS ON EVIDENCE—MISCONDUCT. In such a prosecution it is not misconduct for the district attorney in his argument to the jury to contrast the evidence or to point out that the testimony of a particular witness for the prosecution stands uncontradicted.

APPEAL from a judgment of the Superior Court of San Diego County. W. P. Cary, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. L. Johnson and Archie C. Shreve for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

JAMES, J.—The defendant was convicted of the crime of recording and registering bets as that offense is defined in

2. What constitutes "'bookmaking'' within statute against gaming, note, 17 Ann. Cas. 1084.

subdivision 4 of section 337a of the Penal Code. He appeals from the judgment of imprisonment and from an order denying his motion for a new trial.

As ground upon which to base his claim for a reversal of the judgment and order, appellant insists that the evidence was insufficient to warrant a conviction; that the district attorney was guilty of misconduct in his argument to the jury; and that the court erred in admitting the testimony of two police officers who identified the various papers, cards, and documents found in the rooms occupied by appellant as being material such as is used by bookmakers.

[1] Disposing of the first and third objections, we are convinced that the evidence was sufficient to sustain the verdict, and that there was no error in the ruling of the court admitting the testimony objected to. Appellant at the time of his arrest was occupying three certain rooms in the city of San Diego, at the entrance of which was affixed a sign bearing the word "Brokerage." The two police officers, entering the first of the three rooms, found appellant seated at a desk and engaged in the act of writing upon a card. Leaning over the desk was a man who held in his hand some paper money, which the circumstances indicated he was about to pay to appellant. Upon the entry of the officers appellant dropped the card upon which he was writing into the drawer of the desk, which drawer was afterward found to contain various other cards. The officers were unable to identify the particular card which appellant had been writing upon, but they testified that the cards found in the drawer were cards such as were commonly used by bookmakers in registering bets. Among other documents discovered was a race chart. In fact, all of the documentary matter discovered in the rooms seems to have been only such as might make up the working materials of a bookmaker's establishment. The arresting officers had had experience in ferreting out offenders engaged in bookmaking, and had familiarized themselves with the paraphernalia ordinarily employed in that business. Their testimony that they were so familiar with those operations, together with the evidence as to just what that experience had been, was sufficient to establish *prima facie* their competency to testify to the facts adverted to. [2] It was not necessary that it be actually established that the races upon which bets were being taken

were actually being run at the time. (*People* v. *Carroll*, 54 Cal. App. 684 [202 Pac. 885].)

[3] The district attorney in his argument to the jury asserted that not a witness had taken the stand on either side to dispute the testimony of Officer Sears. Counsel for appellant protested that the statement of the district attorney amounted to misconduct and was prejudicial to the appellant because it pointed the attention of the jury to the fact that the defendant had not testified in his own behalf. The argument did not amount to misconduct and the district attorney was wholly within his right in using the language complained of. It would be a strange rule indeed that would prevent a prosecuting officer from contrasting the evidence and pointing to that which he believed stood without contradiction or was the most convincing. This point of appellant as last referred to is of so little merit as to call for the citation of no authorities to sustain the case of the state.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 22, 1922.

All the Justices present concurred.