[Crim. No. 1452. Second Appellate District, Division One.—March 24, 1927.]

THE PEOPLE, Respondent, v. JOE GHIO, Appellant.

[1] CRIMINAL LAW — RECEIVING BETS ON HORSE-RACES — VIOLATION OF SECTION 337A PENAL CODE—INSTRUCTIONS.—In a prosecution under two informations, one charging defendant with receiving bets on horse-races in violation of subdivision 3 of section 337a of the Penal Code, and the other charging the defendant in three separate counts with violations of other subdivisions of said section, the defendant having been found guilty under the first mentioned information and not guilty under the second, the jury was not

confused or misled by the portion of a given instruction that "It is not the contention that there were four different acts here committed by defendant at the time and place mentioned in the information. The contention is that the same act, same course of conduct, violates four different laws," the remainder of the instruction being as follows: "It all relates to the same set or series of acts; and it will be for you to determine whether or not he is guilty of one, two, three or four of these charges, or whether he is not guilty of any one of them. And unless you are satisfied, as I have said, beyond a reasonable doubt that he has committed one or more of these acts, then it will be your duty to acquit him on all four of the charges."

[2] ID.—SECTION 337A, PENAL CODE—CONSTRUCTION OF.—Section 337a of the Penal Code contains six subdivisions and is so framed that one set or series of acts might constitute a violation of each or all of said subdivisions, and a violation of each subdivision constitutes a separate offense as if it had been enacted in a separate section of the code.

[3] ID.—ACTUAL HORSE-RACE—PROOF—INSTRUCTIONS.—In such prosecution, there was no error in an instruction that "it is not necessary in connection with any of these counts that the prosecution shall prove that there was any actual horse-race run. If the other elements of the evidence have been established beyond a reasonable doubt, the question of whether the horse-race was actually run at Tijuana, or anywhere else—it is not necessary that that should be proven by the prosecution," as the language of section 337a of the Penal Code includes purported as well as actual contests of speed.

[4] ID. — COMMISSION OF OFFENSES — TIME — INSTRUCTIONS.—In such prosecution, the giving of an instruction that "The court instructs the jury that it is wholly immaterial as to what day or days the offense, or offenses, charged in the information was committed, if at all, provided you believe from the evidence that the offense, or offenses, were committed, and that the same was committed within one year prior to the filing of the information in this case," did not constitute reversible error, where the jury was fully instructed as to the rule of reasonable doubt, and each of the counts, defendant's plea thereto, and the issues raised were fully set forth in the instructions to the jury, and the jury was further told that the burden was upon the prosecution to prove one or two or all of the material allegations in the informations to their satisfaction and beyond a reasonable doubt.

2.  See 12 Cal. Jur. 1091.
3.  See 12 Cal. Jur. 1091.
4.  See 8 Cal. Jur. 327.

[5] ID.—EXCLUSION OF WITNESSES—DISCRETION.—A motion to exclude witnesses is a matter addressed to the sound discretion of the trial court; and in this prosecution, nothing appears in the record indicating an abuse of such discretion in denying defendant's motion to exclude witnesses.

[6] ID.—CHARACTER OF PREMISES AND FURNITURE—EVIDENCE.—In such prosecution, any possible error in the admission of testimony of a police officer that there was a card-room in the rear of defendant's premises which was fitted up with two card-tables was cured by the defendant's testimony on direct examination that he was licensed to run a card-room with a freeze-out card game.

[7] ID.—TIME OF RUNNING RACES—EVIDENCE.—In such prosecution, it was not necessary that it be actually established that the races upon which the bets were being taken were actually being run at the time charged in the information.

[8] ID. — WORDS AND PHRASES — "BET" AND "WAGER," AS USED IN SECTION 337A, PENAL CODE.—The words "bet" and "wager" as used in section 337a of the Penal Code do not require the kind of agreement contemplated by the law of contracts in which there must be an actual meeting of the minds of the contracting parties in order to form an agreement.

---

(1) 16 C. J., p. 1037, n. 71.  (2) 16 C. J., p. 58, n. 86.  (3) 27 C. J., p. 1034, n. 51.  (4) 27 C. J., p. 1042, n. 75.  (5) 16 C. J., p. 841, n. 1.  (6) 17 C. J., p. 324, n. 68.  (8) 27 C. J., p. 975, n. 40, p. 1035, n. 63.

APPEAL from a judgment of the Superior Court of San Diego County.  S. M. Marsh, Judge.  Affirmed.

The facts are stated in the opinion of the court.

B. F. Tyler for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

McLUCAS, J., *pro tem.*—Defendant was charged in two informations with violations of section 337a of the Penal Code.  By stipulation of counsel the cases were tried together.  Information No. 47,988 charged the defendant with the crime of violation of subdivision 3 of section 337a of the

---

5.  See 8 *Cal. Jur.* 224; 26 R. C. L. 1058.

7.  See 12 Cal. Jur. 1091.

Penal Code on or about the fifth day of March, 1926, by re-
ceiving bets on horse-races. Information No. 47,989 is not
included in the record; but it appears from the instructions
of the court that this information charged the defendant in
three separate counts with violations of certain subdivisions
of section 337a of the Penal Code on or about the third
day of December, 1925, as follows: With occupying a room
for the purpose of recording bets on horse-races and selling
pools thereon; with receiving bets on horse-races, and with
recording bets on horse-races. The jury returned a verdict
of guilty as to the charge in information No. 47,988, and a
verdict of not guilty as to the charges in information No.
47,989. Defendant appeals from the judgment following
the verdict on information No. 47,988.

Thomas E. Remington, a police officer of San Diego, testi-
fied that on March 3, 4, and 5, 1926, he went to defendant's
place of business, which consisted of a cigar and candy store,
with a card-room in the rear; that at said time horse-races
were being run at Tijuana; that on his first visit the officer
placed with defendant a bet of one dollar on a Tijuana
horse-race; that on the next day he placed a similar bet with
the defendant, and that on March 5th he placed a third bet
with the defendant; that at each time the defendant made a
notation of the bet on a scratch pad and telephoned the
names of the horses, the initials of the witness and the
amount of the bet; that the witness was familiar with book-
making; and that he went to defendant's place of business
for the purpose only of securing evidence. It further ap-
pears that Officer Ward gave to Officer Remington money
with which to place bets with the defendant; and that on
one occasion during the early part of March he saw Officer
Remington enter the defendant's store. Certain book-
maker's paraphernalia were found at defendant's place of
business and received in evidence. The defendant testified
that he had not placed any bets with the complaining wit-
ness, and that he did not have any knowledge of the book-
maker's paraphernalia which were found concealed in his
place of business.

Appellant complains of certain instructions. [1] The
trial court instructed the jury that: "It is not the conten-
tion that there were four different acts here committed by
the defendant at the time and places mentioned in the in-

formation. The contention is that the same act, same course of conduct, violates four different laws." Appellant urges that the jury was confused and misled by the language used in this portion of the instruction. The remainder of the instruction reads as follows: "It all relates to the same set or series of acts; and it will be for you to determine whether or not he is guilty of one, two, three or four of these charges, or whether he is not guilty of any one of them. And unless you are satisfied, as I have said, beyond a reasonable doubt that he has committed one or more of these acts, then it will be your duty to acquit him on all four of the charges." We do not believe the jury was confused or misled by this instruction, especially when it is remembered that the jury found the defendant not guilty as to the three counts charged in information No. 47,989, and guilty only as to the count charged in information No. 47,988. [2] Section 337a of the Penal Code contains six subdivisions and is so framed that one set or series of acts might constitute a violation of each or all of said subdivisions. By its provisions the following acts are made felonies: In subdivision 1, book-making or pool-selling; in subdivision 2, occupying a room with book-making paraphernalia for the purpose of recording bets on races; 3, receiving bets on races; 4, recording bets on races; 5, owner permitting room or building to be used for any of the preceding purposes; 6, making or accepting bets on races. Each of these constitutes a separate offense as if it had been enacted in a separate section of the code. (*In re Roberts,* 157 Cal. 472 [108 Pac. 315]; *People* v. *Plath,* 166 Cal. 227 [135 Pac. 954].)

[3] Appellant next complains of the following instruction as not being in accord with the spirit of section 337a of the Penal Code: "It is not necessary in connection with any one of these counts that the prosecution shall prove that there was any actual horse race run. If the other elements of the offense have been established beyond a reasonable doubt, the question of whether the horse race was actually run at Tijuana, or anywhere else—it is not necessary that that should be proven by the prosecution." In *People* v. *Sutherland,* 59 Cal. App. 462 [210 Pac. 965], the defendant was convicted of violation of subdivision 4 of section 337a of the Penal Code, and the court said, page 463: "It was not necessary that it be actually established that the races

upon which bets were being taken were actually being run at the time. (*People* v. *Carroll,* 54 Cal. App. 684 [202 Pac. 885].)'' The language of section 337a of the Penal Code includes purported as well as actual contests of speed. We find no error in this instruction.

[4] Appellant's next contention is that the court erred in giving the following instruction, for the reason that part of the jurors might believe that one of the acts constituting the offense had been committed, while other jurors might believe that other acts constituting the offense had been committed. The instruction reads: ''The court instructs the jury that it is wholly immaterial as to what day or days the offense, or offenses, charged in the information was committed, if at all, provided you believe from the evidence that the offense, or offenses, were committed, and that the same was committed within one year prior to the filing of the information in this case.'' Appellant loses sight of the fact that each count charged a different offense under different subdivisions of section 337a of the Penal Code. (*In re Roberts, supra; People* v. *Plath, supra.*) In *People* v. *Wyett,* 49 Cal. App. 289 [193 Pac. 153], the information contained two counts charging different crimes, and a similar instruction was given. The court said, page 291: ''The foregoing instruction was expressly disapproved in the case of *People* v. *Elgar,* 36 Cal. App. 114 [171 Pac. 697], and would seem to be subject to the strictures made upon it in that case. The trial court, however, fully instructed the jury in other portions of its charge with respect to the duty of each member of the jury to be satisfied beyond a reasonable doubt as to the guilt of the defendant upon the first of said counts, and also and in a separate and distinct charge as to the second of said counts in the information. It would seem, therefore, that, taking the charge of the court as a whole, the jury could not have been so far misled by the indefiniteness of the above instruction as to have expressly found the defendant guilty upon each of said counts separately, but that their verdict as to each was the result of their unanimous conclusion as to his guilt upon each of said counts. We do not, therefore, feel that we should reverse this case upon that ground.'' In the instant case the jury was fully instructed as to the rule of reasonable doubt. Each of the counts, defendant's plea thereto,

and the issues raised were fully set forth in the instructions to the jury. The jury were told that the burden was upon the prosecution to prove one or two or all of the material allegations in the informations to their satisfaction and beyond a reasonable doubt. We find no reversible error in this instruction.

[5] Defendant's motion to exclude witnesses was denied. This is a matter addressed to the sound discretion of the trial court. (*People* v. *Garbutt,* 197 Cal. 200 [239 Pac. 1080].) Nothing appears in the record indicating an abuse of such discretion.

[6] Appellant asserts that the trial court erred in certain rulings on the admission and rejection of evidence. Officer Remington testified that there was a card-room in the rear of defendant's premises which was fitted up with two card-tables. Defendant's motion to strike the word "card" as a conclusion of the witness was denied. The witness testified that he was a police officer and had visited the premises on several occasions. Any possible error in the admission of such evidence was cured by the defendant's testimony on direct examination that he was licensed to run a card-room with a freeze-out card game. Apparently the testimony of the police officer was a conclusion founded on fact.

[7] Exception is taken to the ruling of the court that it was not necessary to prove that races were actually run on the different dates charged in the information. The exception is not well taken. It was not necessary that it be actually established that the races upon which the bets were being taken were actually being run at the time. (*People* v. *Sutherland,* 59 Cal. App. 462 [210 Pac. 965]; *People* v. *Carroll,* 54 Cal. App. 684 [202 Pac. 885].)

[8] Officer Remington testified that he went into the defendant's premises for the purpose of securing evidence. Appellant urges that such testimony did not support the conviction of violating section 337a of the Penal Code in that it was impossible to bet or wager without the co-operation of both parties. The words "bet" and "wager" as used in section 337a of the Penal Code do not require the kind of agreement contemplated by the law of contracts under which there must be an actual meeting of the minds of the contracting parties in order to form an agreement. So to hold would be to allow the escape from punishment of

the defendants in all cases in which others might feign to be their accomplices and in which no evidence against the defendant exists except that coming from feigned accomplices. (*People* v. *Fitzpatrick*, 78 Cal. App. 37 [247 Pac. 601].)

Finally, appellant excepts to the ruling of the court admitting the testimony of Officer Burk that races were being run at Tijuana during the month of February, 1926. In view of the fact that we have herein held that the prosecution was not required to prove that races were run on any particular day or at all, we deem it unnecessary to comment on this objection.

It is ordered that the judgment be affirmed.

Conrey, P. J., and Houser, J., concurred.