[Crim. No. 1681. Second Appellate District, Division One.—September 12, 1928.]

THE PEOPLE, Respondent, v. PETE KASPAROFF, Appellant.

A. M. Astor for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, Asa Keyes, District Attorney, and Hugh McIsaac, Deputy District Attorney, for Respondent.

CONREY, P. J.—By information duly filed the defendant was accused of three offenses to wit, the crime of burning insured property with intent to defraud an insurance company, the crime of attempt to commit murder by attempting to kill and murder one Satinig Kasparoff, and the crime of attempt to commit murder by attempting to kill and murder one Katrina Kasparoff. It was alleged that these three offenses were connected together in their commission. By verdict of the jury, the defendant was acquitted on the two charges of attempt to commit murder and was convicted on the first count, that is to say, of the crime of burning insured property. Having been duly sentenced, he appeals from the judgment and from an order denying his motion for a new trial.

Appellant contends that the evidence is not sufficient to sustain the verdict of conviction, and particularly that the *corpus delicti* was not proven. The fire occurred on the night of December 26, 1926. The house was owned by the defendant and was occupied by defendant with his wife and children, together with Satinig Kasparoff and her daughter Katrina. Satinig was the widow of defendant's deceased brother. The mother and daughter occupied a room by themselves in the house. Not only was the fact proven that the house was partially burned that night, but there was evidence that the fire was of incendiary origin, and there was evidence pointing to the defendant as the author of the conflagration. It was shown that defendant had purchased the house for $350 and had moved it to a parcel of land held by him and Satinig in joint tenancy, and that defendant had insured the house and its furnishings and a small garage for a total sum of $2,800. There was much evidence concerning financial transactions between defendant and Satinig Kasparoff concerning moneys belonging to her. While this evidence related more directly to the charge of attempt to murder, it also had some relation in connection with the insurance, to the element of motive which might have induced defendant to set the fire. Without more extensively outlining the details of the story, it plainly enough

appears that the evidence is sufficient to prove the *corpus delicti* and that defendant was the guilty person.

Appellant contends that the court erred in its rulings upon four items of evidence, viz., in allowing one Parsegian to testify to conversations of Satinig Kasparoff with Mrs. Parsegian when defendant was not present; in admitting in evidence a certain rug not shown to be in the same condition as when taken from the building or before the fire; in admitting in evidence some photographs and maps made at the house five days after the fire and not in the presence of the defendant; in refusing to allow defendant to introduce in evidence a small vial of camphorated oil.

■ The circumstances concerning admission of said testimony of the witness Parsegian were as follows: During cross-examination by defendant's counsel of the witness Katrina Kasparoff (Anaratian), Katrina was asked to say when she first told the story concerning the fire and the attempt upon her life. Katrina replied that a week after the fire she told a friend, Shazda Parsegian. Thereafter the prosecution called Mrs. Parsegian and asked her whether or not Katrina had conversed with her at the time stated and had informed her of the circumstances of the fire. To this question the defendant made no objection. Mrs. Parsegian answered in the affirmative, but did not give the details of the conversation; those details were then brought out by the defendant on cross-examination in the face of objections made by the district attorney. The matter was further developed—chiefly for purposes of explanation—on redirect examination. We see no error in any rulings of the court upon any objections then made, and the item is, at all events, of comparatively slight importance.

■ There was testimony of witnesses to the effect that at the time of the fire they saw a rug on the floor of the room occupied by Satinig Kasparoff and her daughter; that this rug was on fire, and that there was a smell as of kerosene. Two days afterward this rug was taken in charge by officers of the fire department, who produced it in the justice's court where a complaint had been filed against Peter Kasparoff. After that proceeding had been dismissed the rug was delivered back to defendant. After the present prosecution had been commenced the same rug was taken from the defendant's possession, but in the meantime the

burned part of it had been cut off. The only point made in support of the objection to the introduction of the rug in evidence is that there were two days between the time of the fire and the time when the rug was first taken from defendant's house, and that no evidence was produced to show that it was in the same condition as when taken from the building, or before the fire. It is argued that under these facts there is no evidence that any smell of kerosene remaining on the rug was due to any condition existing at the time of the fire. This point was not made in support of the objection at the trial. The testimony that the rug had been partially burned and that the burned part had been cut off after the rug was returned to Kasparoff was alone sufficient to justify its reception in evidence.

In support of appellant's claim that the court erred in admitting in evidence photographs taken at the house five days after the fire, appellant does not refer us to the places in the record where the evidence and rulings on this matter should be found. Our own investigation, however, shows that these photographs were offered merely for purposes of illustration in connection with descriptive testimony. Also, we observe, that when it was suggested that these photographs be shown to the jurors, the attorney for the defendant stated that he had no objection.

The court did not err in refusing to permit defendant to introduce in evidence the vial of camphorated oil. This offer was made in connection with some evidence that Satinig Kasparoff had been using camphorated oil after an injury to her shoulder. The offer was made in support of a theory that this might have accounted for the smell of oil in the rug. There was no evidence that the vial offered in evidence had ever been in the possession of the woman. The item is of no importance, and the court did not err in its ruling.

The only other grounds of appeal presented by appellant are that the court abused its discretion in refusing to exclude all of the witnesses from the courtroom, and call them in one by one; and that the district attorney was guilty of misconduct in his opening statement of the case, in certain suggestions that he intended to show that defendant's brother, John Kasparoff, had met with a violent death at a

time when defendant was present, thereby insinuating that defendant had been the cause of his death.

The common rule is that the exclusion of witnesses from the courtroom during a trial is a matter committed to the discretion of the court. In this case the court did require, as to the witnesses Satinig Kasparoff and her daughter, that each one be absent during the testimony of the other. There was no abuse of discretion in refusing to exclude the other witnesses, and there is nothing to indicate any prejudice to defendant by reason of the court's ruling in this matter.

In regard to the alleged misconduct of the district attorney, counsel for appellant has not cited enough of the record to show that the statement made by the district attorney was improperly made, or to show that any assignment of error was made at that time. The quoted statement of the district attorney in fact suggests the supposition that John Kasparoff was killed in some way by the machinery in the pump-house where his death occurred. No complaint is made concerning instructions given by the court to the jury, and it may be presumed that, as is usual, the jury was instructed that statements of counsel are not evidence, and that the jury should consider only the evidence in its determination of the facts.

The judgment and order are affirmed.

Houser, J., and York, J., concurred.