[Crim. No. 129.   Fourth Appellate District.—October 6, 1931.]

THE PEOPLE, Respondent, v. BRUCE McCLURE, Appellant.

Lawrence B. Myers for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

MARKS, J.—The appellant prosecutes this appeal from a judgment, by the terms of which he was sentenced to state prison, after a verdict by a jury finding him guilty of the crimes of rape and of assault with intent to commit rape, committed in Fresno County, state of California, upon June Bell, a woman of the age of about twenty-one years and not his wife.

Appellant urges three grounds upon which he seeks a reversal of the judgment: First, that the evidence was insuffi-

cient to sustain the verdict and judgment finding the defendant guilty of the crime of rape; second, that it was insufficient to sustain the verdict and judgment finding the defendant guilty of the crime of assault with intent to commit rape; third, errors of law occurring during the trial prejudicial to the rights of appellant. We will consider these grounds in the order in which they are stated.

The offenses for which the appellant was convicted occurred during an automobile ride taken by himself, June Bell and two others on the night of April 5, 1931. On the morning of the following day appellant admitted having had sexual intercourse with June Bell upon this occasion, maintaining that it was with her consent, and that he used no force or violence in accomplishing the act.

■ The prosecutrix testified in great detail concerning the events preceding and during her ravishment by appellant. She testified to a struggle with him lasting almost a half hour before he accomplished .his purpose; that he choked her, struck her and knocked her unconscious, and accomplished his purpose by means of his superior strength, with force and violence and against her will and without her consent. Her evidence is amply corroborated by the testimony of other witnesses. Without going into the details of the sordid and brutal attack upon her, suffice it to say that a physician who examined her shortly after the acts were accomplished by appellant, testified to the physical conditions which he found. There were bruises upon her face, neck and body; both her rectum and vagina were torn and blood-stained, indicating penetration by the sexual organ of appellant. The clothing worn by the prosecutrix was introduced in evidence. Her dress and stockings were badly torn and her step-ins were torn and blood-stained. The shirt and trousers worn by appellant at the time of the attack were also introduced in evidence, and both were blood-stained. The evidence is ample to sustain the verdict and judgment.

■ Appellant complains, in this connection, that there were two separate acts of intercourse proved, and that he suffered prejudice by not being able to determine of which act he stood convicted. The evidence discloses that both of them constituted rape and appellant is fortunate that he was not charged with both offenses instead of one, as a verdict of

guilty of both would have been amply supported by the evidence.

The evidence is also ample to support a conviction of assault with intent to commit rape, which occurred a short time before the rape was accomplished, and at another place in Fresno County. The prosecutrix testified that she was running away from the advances of the other man in the party when appellant jumped out of some bushes, knocking her to the ground and falling upon her body. He pinioned her arms and legs to the ground, and with his superior strength overcame her struggles to release herself. He was caused to desist from the attack by the other woman in the party coming to the assistance of the prosecutrix, seizing him by the hair and dragging him off his prone position on the body of Miss Bell. Appellant maintains that this evidence fails to disclose any intent on his part to commit the crime of rape on the prosecutrix. The question of intent may be determined by the jury from the circumstances of the attack. In this case the jury was justified in concluding from the position of the bodies of appellant and the prosecutrix that appellant intended to commit the crime of rape upon her, and was prevented from accomplishing his purpose by the struggles of his victim and the interference of the other woman of the party.

Appellant advances several arguments in support of his third assignment of error. He first urges that the trial court erred in refusing to strike from the record exhibits consisting of the various articles of clothing worn by the prosecutrix at the time of the rape, upon the ground that it is not certain whether they were torn by the appellant or by the other man in the party. The facts of the violent attack by appellant, the blood stains upon his clothes and the underclothes of the prosecutrix, the torn and bleeding parts of the prosecutrix, and her positive testimony upon direct examination that the garments were torn by the appellant during the attack, amply uphold the ruling of the trial court, even though upon cross-examination she weakened in her statement that the clothes were torn by him. This objection goes to the weight of the evidence and not its admissibility.

Appellant next complains of a ruling by the trial court granting his motion excluding other witnesses from the courtroom, and permitting the prosecutrix to remain therein.

It has been consistently held in California that the granting of a motion to exclude witnesses rests within the discretion of the trial court. (*People* v. *Garbutt,* 197 Cal. 200 [239 Pac. 1080] ; *People* v. *Chio,* 82 Cal. App. 28 [255 Pac. 205] ; *People* v. *Kasparoff,* 94 Cal. App. 7 [270 Pac. 398].) It is within the discretion of the trial court to permit a witness to remain in the courtroom after other witnesses have been excluded. (*People* v. *Hong Ah Duck,* 61 Cal. 387; *People* v. *McCarty,* 117 Cal. 65 [48 Pac. 984] ; *People* v. *Oliver,* 7 Cal. App. 601 [95 Pac. 172].)

■ Appellant next maintains that the evidence was insufficient to show that the crimes were committed in Fresno County. At the commencement of the trial it was stipulated by counsel for appellant that they were committed, if at all, in Fresno County, counsel using the following language:

"Mr. Curran: I will stipulate wherever they went and wherever they stopped, and if any offense was committed it was within the jurisdiction of this court."

Appellant cannot now be heard for the first time to repudiate this stipulation, and maintain that the evidence for the People did not establish the places of the commission of the crimes within the county of Fresno. (*People* v. *Nolan,* 34 Cal. App. 545 [167 Pac. 642].)

■ Appellant next complains that the district attorney was guilty of misconduct in his argument to the jury in which the following occurred:

"Mr. Carter: Every man is presumed to do and to intend to do that which he does in fact do. The law presumes guilty intent from the doing of the act. Did he commit the rape by force or violence? Did he commit the act of sodomy? Not one scintilla of evidence in this record, not one contradictory statement showing that these acts were not committed. Oh, gentlemen—

"Mr. Curran (interrupting) : Well now just a minute, your Honor, I would like to interrupt. When counsel says there is not one bit of evidence here showing that he didn't commit the act of rape he has forgotten absolutely what appeared in the statement he introduced in evidence. I ask that counsel withdraw his remarks or else the court admonish the jury."

Similar statements have been held to be without prejudice, even though erroneous. (*People* v. *McNamarra,* 65 Cal. App.

521 [224 Pac. 476] ; *People* v. *Calvert,* 80 Cal. App. 50 [251 Pac. 244].)

Lastly appellant complains of an instruction given to the jury as follows:

"You are instructed therefore, that if you believe to a moral certainty and beyond all reasonable doubt, from all of the evidence bearing upon the charge laid in the second count of the information, that this defendant, Bruce McClure, did at the time and place alleged make an assault upon June Bell with the intention then and there of accomplishing with the said June Bell by means of force or violence, an act of sexual intercourse, then the charge alleged in the second count of this information has been proved to the degree required by law and you should find the defendant guilty."

He maintains that this instruction left out the element of intent to commit rape against the will and without the consent of the prosecutrix. If we assume the correctness of this position, the instruction immediately following the one quoted correctly instructed the jury on this question. Instructions must be taken as a whole and read together. In this case they fully and fairly stated the law applicable to the facts in evidence, and contained no error prejudicial to the appellant.

The judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.