[Crim. No. 3256.   Second Appellate District, Division Two.—October 5, 1939.]

THE PEOPLE, Respondent, v. HARRY SMITH, Appellant.

Clifford Thomas for Appellant.

Earl Warren, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

MOORE, P. J.—Defendant appeals from a conviction by the court for violating subdivision 2 of section 337a of the Penal Code, which forbids the keeping of any place of any kind with a book, paper or device for the purpose of registering any bet upon the result of any contest between beasts, etc. In the same information, he was accused of violating subdivision 3, that is, of holding money wagered upon the result of such a contest, of which he was found not guilty. Since his appeal is founded upon a contention of the insufficiency of the evidence, a *résumé* thereof follows:

Defendant operated a news stand in the heart of the business district of the city of Los Angeles at the side of one of the large office buildings. The stand extended from the corner of the building and along its side adjacent to an alley.

It consisted of news racks about ten feet high and one hundred fifty feet long. Maintaining an extensive stock of magazines and foreign newspapers, defendant had operated the place for sixteen years. He kept two telephones, one on each side of his cash register, on his desk. The record is devoid of his ever having taken bets before.

On the morning of April 18, 1939, one Dougherty, a police officer of said city, observed an elderly lady enter said news stand, holding a scratch sheet and obviously placing a bet, and at the same time a man did place a bet. Defendant served both parties. The officer then heard defendant converse over his own telephone, giving the numbers of the horses, the amounts of the bets and the initials of the two persons above mentioned. The numbers given by the two patrons were numbers which represented two different horses running at two different tracks on said day. Returning in the afternoon, said officer observed one Chapman inspecting a scratch sheet on defendant's said desk; heard said Chapman ask defendant to give him "683 to place", accompanying said request with the delivery of a ten-dollar bill to defendant. Upon his arrest, defendant, addressing said Chapman, called out "Charlie, you didn't make a bet with me, did you?" to which the said Chapman replied: "Well, let's skip it." Upon his arrest, defendant had a scratch sheet and several betting markers upon his person with various notations of horses and bets. The possession of said paraphernalia, namely, the scratch sheet and telephones, taken in connection with the other circumstances above detailed, was sufficient to warrant a conviction. (*People* v. *Carroll*, 54 Cal. App. 684 [202 Pac. 885] ; *People* v. *Sutherland*, 59 Cal. App. 462 [210 Pac. 965] ; *People* v. *Hatfield*, 77 Cal. App. 212, 217 [246 Pac. 95].)

█ Defendant's contention that there is no evidence that the scratch sheet inspected by said Chapman belonged to defendant is groundless. The sheet lay upon said desk and by said telephones. His explanation of his possession of said markers found upon his person was essentially of little value in the midst of the circumstances above detailed and its ardent recital justifiably failed to excite the credulity of the trial judge. "These documents cast a convincing light upon the transaction and constitute the major element of the offense charged." (*People* v. *Hatfield, supra.*)

■ Defendant asserts that his guilt was not established because the court found in his favor on the charge of placing a bet inhibited by said subdivision 3. Proof of his placing a bet is no more necessary to justify a conviction for maintaining a place where bets can be registered than is a violation of subdivision 3 necessary to a conviction under subdivision 5; otherwise the legislature would have so provided. ■ Also, the argument that the state must prove that the primary purpose of maintaining the place was to register bets is unreasonable. Such a construction of the statute would afford protection to many persons who would happily carry "book making" as a secondary line. It is sufficient that defendant maintained the place and at it kept paraphernalia for the purpose of recording a bet and his "intent is properly gathered from all the circumstances as shown in evidence". (*People* v. *Tuttle,* 27 Cal. App. (2d) 647 [81 Pac. (2d) 571].)

Defendant earnestly asserverates that the case of *People* v. *Rabalete,* 28 Cal. App. (2d) 480 [82 Pac. (2d) 707], is authority for reversing this judgment. The chief similarity lies in the fact that this defendant and some person in Rabalete's store, in like manner and by like method, kept at hand paper and device for recording bets. Since any clerk in said store might, as easily as the proprietor, have kept the scratch sheet and have concealed the markers in a book, under the familiar limitations upon the application of circumstantial evidence, he was entitled to an acquittal.

Furthermore, as pointed out in that case, in order to convict upon his utterances, it was necessary for the court to "assume" that defendant was taking a bet as he gave expression to the phrase "242 to show", whereas conviction for crime must be founded upon evidence. Likewise, *People* v. *Fisk,* 32 Cal. App. (2d) 26 [89 Pac. (2d) 142], is not in point.

■ With the statement of defendant that every factor essential to the establishment of a complete case must be proved beyond reasonable doubt, we are in accord; but it is a matter for the trial judge to be persuaded beyond a reasonable doubt and not this court. (*People* v. *Bargala,* 81 Cal. App. 381 [253 Pac. 938].) Our province is to determine whether the evidence is of such character as, if be-

lieved, justifies conviction. Upon that question, we have no doubt.

The judgment is affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 3, 1939.