[Civ. No. 14026.   Second Dist., Div. Three.   Dec. 2, 1943.]

M. J. GORDON et al., Appellants, v. WILLIAM R. Mc-GASLIN, as Receiver, etc., et al., Respondents.

M. J. Gordon in pro. per., and C. S. Mauk for Appellants.

Alfred E. Dennis, Arch H. Vernon, Earl E. Johnson and Gilbert E. Harris for Respondents.

SHAW, J. pro tem.—Plaintiffs bought a house and two lots from the predecessor of defendant McGaslin as receiver, giving an instalment note secured by trust deed for part of the price. Plaintiffs made default in the payments due on this note and the defendant receiver then took proceedings resulting in a notice of sale of the property given by the trustee named in the trust deed. Thereupon plaintiffs began this action against defendant receiver and the trustee, alleging that they were induced to purchase the property by cer-

tain false and fraudulent representations made to them by the receiver's agent, Pannell, and that by such fraud they were damaged in a sum which they asked to have set off against the amount due on the note, offering to pay the difference and praying that the sale be restrained until final disposition of the case. The false representations alleged were: (1) that a house on the property was wholly on one of the lots, which was numbered 32; (2) that the roof of the house had recently been placed in a first class condition and state of good repair; (3) that the house had been inspected and was free from termite infection; (4) that the annual taxes on the property were approximately $80 per year; and (5) that the lots were 150 feet deep. The trial court found that none of these representations was made, except No. (2) relating to the roof, and gave judgment allowing plaintiffs a credit by reason of No. (2) on the amount due on the note, dissolving a temporary injunction previously issued and permitting the sale to proceed. From this judgment the plaintiffs appeal.

Plaintiffs contend that the finding against the making of the other representations lacks support in the evidence. The receiver's agent who made the sale to plaintiffs, Pannell, testified that he did not make those numbered (1), (3) and (5), and as to No. (1) that he informed plaintiffs that the house was *not* wholly on lot 32 but projected upon lot 31. Plaintiff M. J. Gordon, who conducted the negotiations with Pannell, testified as to No. (4) that the latter never told him the amount of the taxes. The finding attacked is therefore supported by sufficient evidence and is binding on this court. Plaintiffs' further points based on the claim that these representations were made, particularly their contentions that the court should have awarded them damages by reason of the falsity of these representations, must fail for lack of a foundation, and need no further discussion. No complaint is made of the amount of damages awarded for the defects in the roof.

In view of the finding above mentioned, the further findings complained of, that plaintiffs visited and inspected the premises and learned the facts about the property before the sale, and that they made no complaint of misrepresentations to defendants or the agent before bringing this action, are immaterial and the sufficiency of the evidence to support them need not be considered.

At the beginning of the trial, the court, on plain-

tiffs' request, made an order excluding all witnesses, but permitted the witness Pannell to remain. Pannell was the agent of defendant McGaslin, who was absent, and it was for this reason that the court excepted him from the order of exclusion. Plaintiffs now complain that this exception was not authorized by section 2043 of the Code of Civil Procedure. But after the court had announced its ruling, and upon some argument had affirmed it, plaintiffs' counsel stated that he withdrew the motion to exclude the witnesses. In view of this fact plaintiffs are in no position to raise here the objection now presented. ██ Moreover, a request for the exclusion of witnesses is addressed to the discretion of the trial judge (*People* v. *Garbutt* (1925), 197 Cal. 200, 207 [239 P. 1080]; *People* v. *McClure* (1931), 117 Cal.App. 381, 385 [4 P.2d 211]), and no abuse of discretion is shown here.

██ When the trial judge announced his decision, at the close of the trial, plaintiffs asked for ''time to raise the money to pay them off.'' The trial judge responded, after learning that defendant objected to further delay and that the sale was then noticed for a day four days ahead, ''I don't think I have any power to stay that sale unless I stay the sale entirely.'' No further ruling was requested or made. Plaintiffs now claim that this was a request for a stay of proceedings pending motion for new trial and appeal and that the court erred in denying it; citing *City of Pasadena* v. *Superior Court* (1910), 157 Cal. 781 [109 P. 620, 21 Ann.Cas. 1355] and *Pierce* v. *City of Los Angeles* (1911), 159 Cal. 516 [114 P. 818]. These cases hold that a trial court, upon denying relief to a plaintiff who seeks an injunction, may, in the exercise of its equitable jurisdiction, make an order to preserve the *status quo* pending a motion for new trial or an appeal: It does not appear that plaintiffs requested or the court denied any such relief. All the plaintiffs requested was time ''to pay them off,'' and the court did not unequivocally deny even this request. But if this colloquy can be construed as a request for the relief sanctioned by the above cited cases, they hold that the granting of it is discretionary with the trial court, and no abuse of discretion appears here.

The judgment is affirmed.

Desmond, P. J., and Wood (Parker), J., concurred.