[Crim. No. 4861. Second Dist., Div. Two. Feb. 3, 1953.]

THE PEOPLE, Respondent, v. JOHN ALLEN, Appellant.

Walter L. Gordon, Jr., for Appellant.

Edmund G. Brown, Attorney General, and Michael J. Clemens, Deputy Attorney General, for Respondent.

McCOMB, J.—Defendant appeals from a judgment of guilty of violating (1) section 337a, subdivision 2 of the Penal Code (occupying a room for the purpose of recording bets), and (2) section 337a, subdivision 4, Penal Code (recording or registering a bet).

Defendant concedes the sufficiency of the evidence to sustain the finding of guilty as to each count but contends:

First: *The offense of recording or registering a bet is a necessarily included offense with that of occupying a room for the purpose of recording bets.*

This contention is devoid of merit. Section 337a, subdivision 2 of the California Penal Code provides in part:

"Who, whether for gain, hire, reward, or gratuitously, or otherwise, keeps or occupies, for any period of time whatsoever, any room, shed, tenement, tent, booth, building, float, vessel, place, stand, or inclosure, of any kind, or any part thereof with a book or books, paper or papers, apparatus, device or paraphernalia, for the purpose of recording or registering any bet or bets, or any purported bet or bets, or wager or wagers, or any purported wager or wagers, or of selling pools, or purported pools, upon the result or purported result, of any trial, or purported trial, or contest, or purported contest, of skill, speed or power of

endurance of man or beast, or between men, beasts, or mechanical apparatus, or upon the result, or purported result, of any lot, chance, casualty, unknown or contingent event whatsoever; . . ."

Section 337a, subdivision 4 provides in part:

"Who, whether for gain, hire, reward, or gratuitously, or otherwise, at any time or place, records, or registers any bet or bets, wager or wagers, upon the result, or purported result, of any trial, or purported trial, or contest, or purported contest, of skill, speed or power of endurance of man or beast, or between men, beasts, or mechanical apparatus, or upon the result or purported result of any lot, chance, casualty, unknown or contingent event whatsoever; . . ."

██ Section 337a of the Penal Code contains six subdivisions, and is so framed that one set or series of acts may constitute a violation of each or all of said subdivisions, and a violation of each subdivision constitutes a separate offense. (*People* v. *Ghio,* 82 Cal.App. 28, 32 [2] [255 P. 205]; *People* v. *Jerman,* 29 Cal.2d 189, 195 [1] [173 P.2d 805].)

██ Subdivision 4 of section 337a is not a necessarily included offense of the prohibited acts set forth in subdivision 2 of the same section of the Penal Code. The offense denounced by subdivision 2 is the *occupancy* of a place with the necessary equipment for recording or registering bets and *not* the actual making of bets. There is *no* requirement that there be a recordation of a bet in order to have a violation of subdivision 2. So long as a place is occupied for the purpose of recording or registering bets a violation of subdivision 2 is consummated. (*People* v. *Warnick,* 86 Cal.App.2d 900, 902 [195 P.2d 552].)

On the other hand subdivision 4 interdicts the recording or registering of bets or wagers. The judgment in the instant case of violating subdivisions 2 and 4 did not arise out of one act but two separate and distinct acts. The gist of the offense denounced in subdivision 2 is the *occupancy* of a room with racing paraphernalia for the purpose of recording bets, while the gist of the offense prohibited in subdivision 4 is the distinct act of *recording a bet* in violation of such provision.

Defendant admitted to the police officer that he had occupied the room for two days, before his arrest, for the purpose of recording bets. The evidence disclosed, which defendant does not question, that he had taken bets over the

telephone located in the room which he had occupied and that it contained racing paraphernalia.

*People* v. *Knowles,* 35 Cal.2d 175 [217 P.2d 1] and *People* v. *Frank,* 28 Cal. 507, relied on by defendant, are not here. in point. In the Knowles case it was held that if one act is committed which results in two crimes, the perpetrator can be punished under only one statute. In the present case the evidence disclosed two different sets of facts which constituted two separate and distinct crimes.

In the Frank case it was held that the various acts charged in the indictment constituted but one offense, forgery. Such is not the situation in the instant case since, as indicated above, section 337a of the Penal Code enumerates not one offense but six separate and distinct offenses.

■ Second: *His constitutional rights under Article I, section 19 of the California Constitution were violated when the trial court admitted evidence which had been illegally obtained.*

This contention is likewise devoid of merit. The trial court received evidence which had been obtained by police officers from defendant's apartment into which they had broken without a search warrant. The Constitution of the State of California, article I, section 19 reads as follows: ''The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable seizures and searches, shall not be violated; and no warrant shall issue, but on probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons and things to be seized.''

However, the Supreme Court of California, by whose decision we are bound, has held that evidence obtained by illegal search and seizure in violation of the quoted section is not inadmissible but may be received in evidence and will support a judgment of guilty. (*People* v. *Gonzales,* 20 Cal.2d 165, 169 [1] ff. [124 P.2d 44].)

Affirmed.

Moore, P. J., and Fox, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 5, 1953. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.