[Crim. No. 3242. Second Appellate District, Division Two.—December 11, 1939.]

THE PEOPLE, Respondent, v. RUSSELL L. GRIFFIN, Appellant.

Vernon R. Hamilton for Appellant.

Earl Warren, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

WOOD, J.—Defendant was charged by information with the crime of robbery. It was also charged that he was armed at the time of his arrest and that he had suffered two prior felony convictions. Defendant admitted the two prior convictions, and a jury returned a verdict finding him guilty of robbery in the second degree and that he was armed at the time of his arrest. He appeals from the judgment and from the order denying his motion for a new trial.

It is now argued that the evidence is insufficient to justify the conviction. From the evidence presented by the prosecution it appears that defendant in the afternoon of January 27, 1939, entered a candy store at 3349 Wilshire Boulevard in the city of Los Angeles and demanded of Miss Mary Leizer, a saleslady, that she hand to him money from the cash register, saying, "Keep your mouth shut, this is a hold up." She handed to him the sum of $3.95, consisting of approximately 48 pennies and many nickels and dimes.

An elderly couple entered the store at this time and defendant rushed out and disappeared. Miss Leizer identified defendant as the perpetrator of the crime.

Mrs. Marion Canter was at the time of the robbery seated in her automobile, which was parked near the candy store. She noticed a man walking across the street from the vicinity of the store to a coupe parked directly in front of her car. This man maneuvered the coupe back and forth and struck the bumper of Mrs. Canter's car. He then drove his car away. Because of the manner in which her car had been bumped Mrs. Canter made a notation on a piece of paper of the license number of the car, 3B 6626 (1938). She soon learned that the candy store had been robbed, and furnished the police with the license number which she had written down.

While walking his beat at 3:15 A. M. on January 29, 1939, officer Leach noticed a coupe bearing license number 3B 6626 (1938) crossing Broadway on 4th Street. He commandeered a car, gave chase and overtook the coupe at the corner of 5th and Hill Streets. Defendant was taken from the coupe and to the police station, where an automatic revolver and approximately 14 nickels were found on his person. He had no other money with him, but the officers on searching his clothing in his hotel room found approximately 40 pennies tied up in a handkerchief. His coupe carried two sets of license plates.

There is no occasion for setting forth other incriminatory evidence presented by the prosecution. Manifestly, there is no merit in defendant's contention that the evidence is insufficient to justify the conviction.

Defendant contends that the trial court erred in failing to give to the jury his proffered instructions on the subject of larceny, arguing that larceny is included in the crime of robbery and that the jury might have found defendant guilty of larceny instead of robbery. In a proper case such an instruction should be given, but in the case before us it could not be reasonably expected that the jury would return a verdict of larceny on the evidence introduced. Defendant's defense was that he was not the party who committed the crime. No effort was made to show that the offense committed was larceny rather than robbery. The evidence of the prosecution as to the circumstances of the commission

of the crime stands uncontradicted. Robbery is the felonious taking of personal property from another "against his will, accomplished by means of force or fear". (Pen. Code, sec. 211.) There can be no question but that Miss Leizer turned over the money to defendant against her will and because of fear caused by defendant. In his brief defendant refers to her as "a frightened and hysterical young woman". She testified that she was afraid that he might do her violence. Although her first statement as to whether she knew that defendant had a gun at the time of the robbery was stricken, she later testified that "maybe he was just making motions as though he had it in his pocket". She then gave him money. It is apparent that she was fearful that he had a weapon in his pocket. Since the only crime shown to have been committed was that of robbery, defendant was not prejudiced by the failure of the court to instruct on the subject of larceny.

■ Defendant also argues that the court erred in admitting in evidence the revolver which was concealed upon the person of defendant at the time of his arrest. The revolver was introduced in evidence without objection. Under the provisions of sections 969c and 1168, subdivision 2, of the Penal Code, it was the duty of the district attorney to charge in the information that defendant was armed at the time of his arrest. The court did not err in receiving the revolver in evidence.

The judgment and the order denying the motion for a new trial are affirmed.

Moore, P. J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 8, 1940.