[Crim. No. 2914.   First Dist., Div. Two.   Nov. 24, 1953.]

THE PEOPLE, Respondent, v. FREDDIE TONY PRIMO
et al., Appellants.

Joseph P. Haley, Jr., for Appellants.

Edmund G. Brown, Attorney General, and Clarence A. Linn, Assistant Attorney General, for Respondent.

NOURSE, P. J.—Defendants Primo and Gordon were tried before a jury on charges of burglary.  Primo was also charged with a prior felony conviction.  They were convicted of

burglary in the second degree, and Primo of the prior felony conviction. Probation was denied.

At the request of appellants, counsel was appointed by the court to handle their appeals from the judgments. The sole issue raised is the insufficiency of the evidence to sustain the verdict, more specifically that the evidence was insufficient to identify the appellants as the perpetrators of the burglary.

The burglary took place about 3 a. m. on September 25, 1952, in the city of Oakland. Officer Crawford walking his beat heard a tapping noise coming from the vicinity of the Lucky Market. Looking over the wire mesh gate in front of the market he saw the heads of two men behind the counters located near the front of the store. There was a 200-watt light burning over each counter and a light burning in the rear of the store. Officer Crawford testified that he put the barrel of his gun through the wire mesh and ordered the men to stand up and put up their hands. One raised up to look (identified as Primo) at which time Crawford obtained a good look at his face and features and the jacket he was wearing. As the man dropped back, Crawford fired; the men ran to the rear of the store, giving Crawford an opportunity to observe their general appearance and manner of dress. Officer Crawford then ran to the police call box located nearby, put in a request for assistance and returned to the market, which consumed about three minutes in all. He stood by a shed in the alley watching the premises until other policemen arrived, six or eight in number. While waiting, Officer Crawford observed two shadows cast from the roof which disappeared just before the policemen arrived. One of the police officers caught Primo going over a 6-foot fence, which is behind the store, and others located Gordon hiding on the roof of an adjacent building, crouched against the wall. Crawford identified Primo as the man he had seen in the market and noted that both were wearing leather jackets with fur collars similar to those which he had observed on the men in the market. An examination of the roof of the market disclosed one of the hatches had been ripped loose. Through this hatch access could be obtained through the attic to the storeroom adjacent to the portion of the store where Officer Crawford first saw the two men. He testified the open hatch was the only place where the burglars could have entered or left the market. When Officer Crawford inspected the interior of the market he found moneybags

scattered around in the check stand and the top lid of the safe off. The safe was sunk in the floor by the counters.

Appellants denied having entered the Lucky Market. They testified that they parked Gordon's car on Lincoln Avenue to use the facilities of a nearby service station. Finding the place closed they chose instead the alley behind the market, and upon hearing an automobile drive into the alley became frightened, Gordon running up the stairs and Primo starting for the fence. Appellants argue that no stolen property or tools which could be used in a burglary were found upon them when they were arrested, that the fact that they were found near the scene of the robbery wearing clothes similar to those described by Officer Crawford as worn by the men in the market was not sufficient to connect them with the crime. Appellants seek to discredit the testimony of Officer Crawford who identified Primo as one of the men in the store by alleging his testimony given at the trial was inconsistent with that given at the preliminary hearing. However, they show no definite contradiction. At the trial Officer Crawford positively identified Primo as one of the participants in the burglary. The credibility of a witness is for the jury to determine and they can accept or reject his testimony accordingly. ▇ ''In order to sustain a conviction it is not necessary that the identification of the defendant as the perpetrator of the crime be made positively or in a manner free from inconsistencies. ▇ It is the function of the jury to pass upon the strength or the weakness of the identification and the uncertainties of the witnesses in giving their testimony.'' (*People* v. *Addington,* 43 Cal.App.2d 591, 593 [111 P.2d 356].)

Appellants cite *People* v. *Draper,* 69 Cal.App.2d 781 [160 P.2d 80], and *People* v. *Graziano,* 83 Cal.App.2d 701 [189 P.2d 518], to the effect ''that evidence that merely raises suspicion, no matter how strong, of the guilt of a person charged with a crime is not sufficient to sustain a verdict and judgment against him.'' ▇ However, the evidence in this case connecting the appellants with the crime is much stronger than in either of these two cases cited by appellants. The finding of the two men near the Lucky Market, which had just been burglarized, one going over the fence, the other on a roof top, dressed the same as the two burglars seen in the market by Officer Crawford, one identified by Crawford as one of the men in the market, neither man having a convincing reason for being there at 3 o'clock in the morning, creates more than a mere suspicion as to their guilt.

" ' [B]efore the verdict of the jury, which has been approved by the trial court, can be set aside on appeal upon the ground' of insufficiency of the evidence 'it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below.' " *(People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

Appellants filed separate notices of appeal from the judgments and from the orders denying defendants' motion for a new trial. However, the record does not show that any motion for a new trial was made by either defendant or that any order denying defendants' motion for a new trial was made. Therefore the appeals from the orders denying defendants' motions for a new trial must be dismissed.

The judgments are affirmed. The appeals from the order denying defendants' motions for a new trial are dismissed.

Goodell, J., and Dooling, J., concurred.