[Crim. No. 5110.   Second Dist., Div. Three.   Apr. 7, 1954.]

THE PEOPLE, Respondent, v. RUBEN QUIJADA, Appellant.

David C. Marcus for Appellant.

Edmund G. Brown, Attorney General, and Martin M. Ostrow, Deputy Attorney General, for Respondent.

SHINN, P. J.—The defendant, Ruben Quijada, was charged in an amended information with the crime of robbery, with a prior conviction of burglary. He waived jury trial and was found guilty of robbery in the first degree. The court also found a prior conviction of burglary. From the judgment, and from an order denying his motion for a new trial, defendant brings this appeal.

The argument of the defendant is directed to the question whether the testimony of the witnesses who identified him as the perpetrator of the robbery was legally sufficient. This evidence may fairly be summarized as follows: Marie Navarro, cashier of the Monterey Theater, testified: At about 8:50 p. m. on January 28, 1953, defendant walked up to the box office where she sold tickets and told her to give him all the money. She refused. Defendant reached through the window with his left hand and seized the coin till. The witness struggled with him for possession of the coin till. At this point defendant displayed a revolver which he had concealed in a newspaper and threatened her with death. The witness then ceased resistance, and defendant ran away southward with about $85 in coin and currency. Clarence Frankfourth, a patron of the theater, testified that he saw the robbery from the foyer of the theater, first watching defendant's reflection in one of the mirrors in the side of the lobby, and then, upon changing his position to get a better view, observing him directly through the glass side wall and glass front of the cashier's booth; that he saw a struggle and saw the gun in defendant's right hand; that defendant ran away, with Frankfourth in pursuit about a quarter of a block behind; defendant turned the corner to the west, ran to the end of the block, turned north, ran nearly to the end of the block, entered a car parked at the curb and drove away. This witness noted the license number of this car, which was later found to be registered in the name of defendant's brother-in-law. Another theater patron, Jerome Hastings, also saw the robbery from the foyer of the theater, and testified that defendant was the robber. He further testified that when defendant ran away he followed in the street, using a bicycle which he found parked in front of the theater;

that he followed defendant around the first corner; he overhauled him at the second corner; defendant paused under a street light and said to him, "Which way did he go?" "Call the cops."; the defendant then ran northward up the street after the witness turned aside to look for assistance; some minutes later, after failing to find assistance, he renewed the pursuit; he did not see anything more of defendant, and that a half block up the street from the point at which he had overhauled defendant he found a hat resembling that which defendant had been wearing. James Speck, an employee of the theater, also witnessed the robbery from the foyer of the theater, but did not pursue the defendant. His testimony covering the events up to the defendant's departure was similar to that of witnesses Frankfourth and Hastings. Each of these four witnesses had a good opportunity to observe the defendant and testified unequivocally that he was the man who committed the robbery. According to the witnesses the robber wore a brown hat that was too small for him. The hat found by Hastings was placed upon defendant's head at the trial and was too small for him and was described by the witnesses as similar to the one worn by the robber.

Defendant stresses the facts that there was some conflict in the evidence as to whether the witness Hastings could have seen the robber's face from the foyer of the theater and that the witness Marie Navarro failed to make accurate description of defendant's hairline and the condition of his facial hair, and did not notice during the robbery that two fingers were missing from his left hand. It was for the trial court to judge the effect of the discrepancies and uncertainties in the testimony of these witnesses. ▪ It is not required that description by a witness be free from discrepancies and uncertainties. (*People* v. *Johnson,* 21 Cal.App.2d 673 [70 P.2d 198]; *People* v. *Duenas,* 74 Cal.App.2d 846, 851-852 [169 P.2d 987]; *People* v. *Shaheen,* 120 Cal.App.2d 629 [261 P.2d 752].)

For the defense, defendant's brother-in-law testified that defendant did not possess a hat, a gun, or trousers and jacket such as the robber had worn. He also testified that he had examined the premises and that he was unable to see the front of the cashier's box, where the robber had stood, from the places in the foyer from which witnesses Frankfourth, Hastings and Speck had allegedly observed defendant as he carried out the robbery. The trial court visited the premises accompanied by both counsel and presumably made its own

observations. Finally, defendant's brother and sister testified that defendant was at home with them on the night of the robbery.

■ The weighing of the sincerity and accuracy of defendant's witnesses was, of course, for the trier of fact. (*People* v. *Alexander,* 78 Cal.App.2d 954 [178 P.2d 813]; *People* v. *Duenas, supra.*) ■ Upon the evidence the determination that the People's witnesses were truthful, and not mistaken, is conclusive upon the appeal.

■ Defendant made a motion for a new trial but filed no affidavit of newly discovered evidence. Two and a half months elapsed before the court denied the motion. Thereafter new counsel orally represented to the court that he had received information that one Zuliaca had stated to two prisoners in the jail that he, and not defendant, had committed the robbery and that another person had identified Zuliaca as the robber. No request was made for the production of these persons and it was stated by counsel that they could not be produced to testify to the facts, as stated. The motion for a new trial was properly denied.

The judgment and order denying motion for a new trial are affirmed.

Wood (Parker), J., and Vallée, J., concurred.