274 P.2d 908]

[Crim. No. 5198. Second Dist., Div. Two. Oct. 7, 1954.]

THE PEOPLE, Respondent, v. ROBERT NEWTON GARDNER, JR., et al., Appellants.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

Albert Joseph Kostal, in pro. per., and Homer H. Gooing for Appellants.

McCOMB, J.—From a judgment of guilty of robbery in the first degree, after trial before a jury, defendants appeal. There are also appeals from the orders denying their motions for new trials.

*Facts:*[1] On August 21, 1952, at about 8:30 a. m., Mr. Cano, a truck driver for the Cudahy Packing Company, was seated on a box outside the back door of the Beach Grocery Company, located at 3104 Glendale Boulevard, Los Angeles. He noticed defendants walking down the alley toward him. When they got close to him, defendant Kostal told Mr. Cano that they were "taking over," that it was a "stick-up." He put a gun in Mr. Cano's back and marched him to the rear door of the store, telling him to knock on it. An employee opened the door, whereupon defendant Kostal marched the employee and Mr. Cano into a cooler. Subsequently defendant Kostal ordered other employees, at the point of a gun,

---

[1]Pursuant to settled rules the record is viewed in the light most favorable to sustaining the findings of the trial jury. Where there is a conflict in the evidence, the evidence most favorable to sustaining the judgment is accepted as true and contrary evidence disregarded. (See *People* v. *Eenek,* 105 Cal.App.2d 277, 281 [233 P.2d 43].)

into the cooler. Defendant Kostal then told Mr. Wheatley, an employee, to go with him to the front and open the safe. Defendant Gardner remained guarding the employees in the vicinity of the icebox.

Mr. Wheatley told defendant Kostal he did not have any keys to any money around the store, that he would have to see Mr. Ryan, upstairs. They then went upstairs and defendant Kostal asked Mr. Ryan where the money was. They were all taken downstairs by defendant Kostal, who still had a gun, and at the same time defendant Gardner was standing at the foot of the stairs with his gun, watching the icebox and the group therein. All were then put in the icebox but Mr. Ryan, who went with defendant Kostal to the front of the store where in the liquor department Mr. Ryan was forced at the point of a gun to open an iron box which contained the cash register drawers after the day's receipts had been removed. Defendant Kostal then removed $2,138.53 from the box, marched Mr. Ryan back to the cooler and left.

Defendant Kostal contends:

First: *That the evidence is insufficient to sustain the judgment of guilty because (1) Mr. Ryan was never threatened; (2) the object in defendant's hand appeared to Mr. Ryan to be a child's water pistol, and (3) there is no indication of force or taking against Mr. Ryan's consent or will.*

This contention is utterly devoid of merit. ▉ The court must assume in favor of the judgment the existence of every fact which the trier of fact could reasonably have deduced from the evidence, and then determine whether the guilt of defendant is deducible therefrom. (*People* v. *Wallin,* 34 Cal.2d 777, 780 [215 P.2d 1].) ▉ Applying this rule, the record discloses that Mr. Ryan testified that defendant Kostal, who confronted him, indicated it was a holdup; he believed the man was carrying a gun and the best description he could give of it was that it looked like a water gun children use, a sort of square black gun; he was very much frightened by the man and his conduct. Clearly such evidence supports the trial jury's finding that all the elements of first degree robbery had been committed by defendant. (*Cf. People* v. *Griffin,* 36 Cal.App.2d 59 [96 P.2d 989].)

▉ Second: *That there was insufficient identification of defendant Kostal.*

This contention is likewise contrary to the record. Messrs. Cano, Ryan and Wheatley each identified defendant Kostal as one of the perpetrators of the crime. Further discussion

of the evidence on this subject would serve no useful purpose. (*Thatch* v. *Livingston*, 13 Cal.App.2d 202 [56 P.2d 549].)

██ Third: *That the testimony of Miss Houser, which had been taken in the first trial of defendants was improperly read into the record on the present trial, for the reason that due diligence on the part of the people to obtain her presence was not shown as required by Penal Code, section 686.*[2]

This contention is not sound. On May 28, 1953, the case was set for trial August 5, 1953. In June, 1953, Miss Houser left her employment at the market. Mr. Schaub of the district attorney's office attempted to serve a subpoena on Miss Houser for the August 5th setting and was informed at the market that she had moved to Oklahoma. He then ascertained that Miss Houser was in Oklahoma through correspondence with her by the record division of the district attorney's office. He talked by telephone with Miss Houser on January 21, 1954, and ascertained that she was a permanent resident of Oklahoma.

Clearly the foregoing evidence was a sufficient showing for the ruling of the trial court in permitting the reading of Miss Houser's previous testimony in evidence at the present trial. (*People* v. *Williams*, 123 Cal.App.2d 226, 229 [1] [266 P.2d 599].)

██ Fourth: *That the trial court erred in overruling an objection to the testimony of Mr. Schaub as to the conversation he had with Miss Houser in Oklahoma upon the ground that it was hearsay evidence.*

This contention is without merit. The conversation was directed to whether the person called was Nancy Houser, and whether she was returning to California. Declarations by the person in question in such a situation as to whether the person intends to return are admissible in evidence. (*People* v. *Barker*, 144 Cal. 705, 707 [78 P. 266].)

██ Fifth: *That the trial court erred in excluding from evidence descriptions of the robbers contained in a police report, which descriptions were obtained from Mrs. Langedyk.*

---

[2]Penal Code, section 686, reads in part as follows:

"In a criminal action the defendant is entitled: . . .

"3. To produce witnesses on his behalf and to be confronted with the witnesses against him, in the presence of the court, . . . and except also that in the case of offenses hereafter committed the testimony on behalf of the people or the defendant of a witness deceased, insane, out of jurisdiction, or who cannot with due diligence, be found within the state, given on a former trial of the action in the presence of the defendant who had, either in person or by counsel, cross-examined or had an opportunity to cross-examine the witness, may be admitted."

*Defendant contends that this evidence should have been admitted for the purpose of impeaching testimony of witnesses giving a contrary description of the perpetrators of the crime.*

The ruling was correct since none of the witnesses were asked the proper foundational questions for impeachment.

Defendants Kostal and Gardner contend:

■ First: *That the trial court erred in admitting in evidence two guns denoted People's Exhibit 1 and 2.*

The evidence was properly admitted. The guns were found by the police at defendant Gardner's residence several months after the robbery. They were automatic pistols and the evidence disclosed that the perpetrators of the crime had been armed with automatic pistols similar to the ones which were received in evidence. (*People* v. *Richardson,* 74 Cal.App.2d 528, 540 [169 P.2d 44]; *People* v. *Beltowski,* 71 Cal.App.2d 18, 23 [162 P.2d 59].)

■ Second: *That the trial court erred in receiving in evidence People's Exhibit 5, which was a slip of paper on which Miss Benson testified she wrote the serial numbers of the guns and the names defendants used in purchasing them.*

There was testimony that the guns had been sold to defendants about the middle of August, 1952, and that at such time Miss Benson had noted on the slip of paper received in evidence the serial numbers of the guns and the names defendants had used in purchasing them. Such evidence was clearly relevant and admissible.

■ Third: *That the trial court erred in admitting in evidence testimony that defendants were in possession of substantial sums of money after the crime was committed without a showing of their being impecunious.*

Defendants rely on *People* v. *Orloff,* 65 Cal.App.2d 614 [151 P.2d 288], in support of their contention. The correct rule is that such evidence is relevant and admissible, but that the weight thereof is for the trier of fact. (*Cf. People* v. *Siemsen,* 153 Cal. 387, 397 [95 P. 863].)

■ In any event, the admission of the testimony in question would be harmless in view of the fact that the evidence is overwhelmingly sufficient to sustain the judgments of guilty. Therefore, the evidence was not prejudicial to defendants and must be disregarded under article VI, section 4½ of the Constitution of the State of California.

■ Fourth: *That the trial court erred in permitting the district attorney to ask defendant Kostal on cross-examination whether some codeine was taken from his room.*

The evidence was properly received. On his direct examination Kostal testified that his room was thoroughly searched when he was arrested and that he had not received the articles back which were removed from his room. His counsel then asked him if he knew what was taken from his room and defendant replied affirmatively, referring to a radio, typewriter, clothing, suitcase, letters, photographs and numerous other articles. It is legitimate to question a defendant on cross-examination so as to elicit the whole truth on any matter upon which he has been examined in chief. (*People* v. *Coleman*, 83 Cal.App.2d 812, 816 [189 P.2d 845].) The testimony in the instant case is predicated upon the direct examination of said defendant by his counsel.

Fifth: *That the trial court erred in permitting the district attorney to question Officer Pena as to whether he had seen Mr. Franklin prior to going to the address where defendants were arrested, and which testimony disclosed that the officer had seen Mr. Franklin's deceased body on the roof of the hotel.*

Since this testimony was received without objection, error may not be predicated thereon for the first time on appeal. (*People* v. *Beal*, 108 Cal.App.2d 200, 204 [239 P.2d 84].)

Sixth: *That the trial court erred in permitting a deputy district attorney to question defendant Kostal as to whether he was previously convicted of a felony in 1953 as well as in 1948.*

This evidence was properly received. Defendant when arrested had denied that he had been previously convicted of a felony. In *People* v. *Newman*, 102 Cal.App.2d 302, 307 [227 P.2d 470], the rule is correctly stated thus: ". . . Having taken the witness stand and denied the accusation, he subjected himself to impeachment by showing that he had suffered prior felony convictions and the nature of them. By such impeachment the prosecutor did not violate the provisions of section 1025 of the Penal Code. . . ."

Seventh: *That the deputy district attorney was guilty of misconduct in several instances.*

We have examined the record and find that there is no merit in such contention. In addition, there is the general rule that any objectionable remarks of the prosecuting attorney must be opposed when made and the court requested to admonish the jury to disregard them before they can be made the basis for appeal. (*People* v. *Codina*, 30 Cal.2d 356, 362 [181 P.2d 881].)

This procedure was not followed in the instant case and therefore defendants have waived any right to object in this court.

 Eighth: *That the trial court erred in refusing to give some eight instructions requested by defendants.*

This contention is devoid of merit. An examination of the record shows that the trial judge fully, fairly and correctly advised the jury on each and every material issue, and that the instructions requested by defendants and refused were covered by the instructions read by the judge to the jury. (See *People* v. *Hill,* 76 Cal.App.2d 330, 343 et seq. [173 P.2d 26].)

 Ninth: *That the trial court erred in giving an instruction as to the weight to be accorded testimony purporting to relate an oral admission, confession or declaration of a defendant.*

Defendants contend that such instruction was inapplicable. Assuming this contention to be correct, the giving of the instruction did not constitute grounds for reversal since it is settled that a correct instruction but one inapplicable to the facts of a particular case does not justify reversal unless prejudice is affirmatively shown. (*People* v. *Eggers,* 30 Cal. 2d 676, 687 [185 P.2d 1].) In the instant case there is a total absence of any showing of prejudice resulting to the defendants or either of them from the instruction.

The judgments and orders are and each is affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied October 18, 1954, as to both defendants. Appellant Kostal's petition for a hearing by the Supreme Court was denied November 3, 1954.