[Crim. No. 5437.   Second Dist., Div. Two.   Nov. 3, 1955.]

THE PEOPLE, Respondent, v. S. W. THEUS, Appellant.

Rayfield Lundy for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

FOX, J.—Defendant appeals from a judgment of conviction of murder in the second degree. His only ground for a reversal is the asserted insufficiency of the evidence. Examination of the record, however, in the light of applicable legal principles, fails to sustain his position.

Defendant and the victim, James Lord, had an altercation on Christmas day, 1954. He hit Lord three times with a piece of iron pipe, thus causing the latter's death. Defendant pled self-defense on the claim that Lord attacked him with a knife.

Defendant spent the night before Christmas at the home of Miss Cary Williams and Henry Brown on East 99th Street, in Los Angeles. The victim, Lord, lived about a block away. Mattie Bursey, a friend of Miss Williams, roomed in Lord's house. On Christmas morning, at the request of Miss Williams, defendant went over to Lord's residence "to get some coffee from Mattie Bursey." Defendant arrived there between 6:30 and 7 o'clock. Upon asking for coffee, he was told by Miss Bursey that she had none. Defendant and Lord then engaged in an argument in the living room. Defendant, however, soon returned to the Williams-Brown address where he spent portions of the day. About 8:30 that morning, Miss Bursey visited her friend Miss Williams and stayed there the rest of the day. Some time before noon, Lord came to the Williams-Brown home. During the course of the day, both defendant and Lord consumed quantities of liquor and had an argument in which defendant used strong and abusive language toward Lord. As a result of his vituperative conduct, defendant was put out of the house. He later returned and was readmitted. Another argument ensued whereupon Harry Brown put defendant out of the house again. Defendant remained outside "walking up and down the south side of the street with what appeared to be a base ball bat in his hand. . . ." He then left in his car but soon returned. He "came to the back of the porch" but Miss Williams would not let him in. He again drove away. Soon thereafter, Lord stated, "I'm going home" and left the Williams-Brown residence. Mattie Bursey then observed defendant following the route in his car that Lord had taken home. Sensing trouble, she ran after them and came upon the scene of the crime where she saw defendant standing over the victim's prostate body with a club in his hand. This was on a vacant lot right off the sidewalk. Defendant then got into his car and drove away. The victim told the officers "that he had

been attacked by a Mr. Theus." Defendant returned to the scene of the fight. Upon being hailed by the officers, he pulled over to the curb. He freely admitted the altercation, stating to the officers that Lord "pulled a knife on him" and that he struck Lord three blows in self-defense with a piece of pipe that he had in his car and which he showed to the officers.

Upon defendant's arrest, a two-bladed clasp knife was found in his hip pocket. He stated that "it was his." At the trial, however, defendant claimed that the knife found in his possession was taken by him from Lord. Miss Bursey, who had roomed at Lord's home for about three months, had never seen a pocket knife in his possession.

At the time of his arrest, defendant complained to the officer about a scratch on his neck. An inspection, however, by the officer failed to reveal any evidence of such a scratch.

The victim was a man about 59 years of age and weighed 127 pounds. Defendant was 38 years old and weighed 150 pounds.

■ The law is settled that a reviewing court will not reverse a judgment of conviction on the ground of insufficiency of the evidence unless upon the record it can be held that sufficient facts could not have been found by the trier of the facts to warrant the inference of guilt. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

■ Defendant takes the position that since there was no direct evidence to contradict his version of how the fight started and as to what occurred during the altercation, the trial court should have found him not guilty. True there was no eyewitness to the fight. But there were circumstances that inculpated defendant. He admitted hitting the victim three times with a piece of pipe. He was found standing over decedent's prostrate body with what was described as a club in his hand. The victim told the officer that defendant attacked him. Defendant had assumed a vituperative and belligerent attitude toward the victim earlier in the day. Following this incident and prior to the fatal fight, defendant was seen walking up and down the street in front of the house where the victim was and from which he (defendant) had been ejected because of his belligerent attitude toward Lord, carrying what appeared to be a baseball bat. Not without significance is the circumstance that defendant followed the route the victim had taken on his return journey to his own residence. Finally, there was testimony indicating the victim did not possess a knife.

Defendant's credibility was seriously impaired in two important respects. The first relates to the ownership of the knife found on his person at the time of his arrest. He then told the officers that the knife was his. At the trial he claimed the knife belonged to the victim; that he took it away from him during the course of the fight and put it in his own pocket. The second relates to his complaint to the officers relative to a scratch on his neck that "bled a little" causing his shirt to have "blood on it." This he asserted was the result of Lord's attack upon him with the knife. But an examination by the officers failed to reveal any evidence of such a scratch. In evaluating defendant's testimony, the trial judge was also entitled to take into consideration his interest in the case.

■ Defendant charges that Mattie Bursey was "obviously biased in favor of the victim" and unworthy of belief. Such an argument was proper before the trial court since it is the trial judge's responsibility to pass upon the credibility of the witnesses and the weight to be given to their testimony. It is, however, a futile argument before a reviewing court.

Defendant seems to take the position that by his testimony alone a reasonable doubt as to his guilt was created and that such doubt should have been resolved in his favor. His premise is completely without legal support. ■ The truthfulness of his story first had to be accepted by the trial judge, which it was not. As said in *People* v. *Smith,* 35 Cal.App.2d 73, 76 [94 P.2d 633], "it is a matter for the trial judge to be persuaded beyond a reasonable doubt and not this court."

Defendant relies upon *People* v. *Estrada,* 60 Cal.App. 477 [213 P. 67]. That case, however, is not here applicable. In the cited case it appeared that *the decedent* had been belligerent toward the defendant. No contrary evidence was produced. The evidence tended to show that the decedent attacked the defendant. There was no evidence to contradict such an inference. In the instant matter, the evidence tended to establish that *the defendant* assumed a belligerent attitude toward the deceased. True, defendant testified that Lord attacked him with a knife, but circumstances herein pointed out created a conflict in the evidence on that question and tended to discredit defendant's story. ■ The trial judge's resolution of this conflict is controlling on appeal.

■ The basic difficulty with defendant's argument is that he would have this court revaluate the credibility of the witnesses, reweigh the evidence, and draw inferences contrary

to those drawn by the court below. Under accepted legal principles, we are not permitted to do this. (*People* v. *Gould*, 111 Cal.App.2d 1, 8 [243 P.2d 809].)

The judgment is affirmed.

McComb, Acting P. J., and Ashburn, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.