[Crim. No. 5597.   Second Dist., Div. Two.   May 16, 1956.]

THE PEOPLE, Respondent, v. CALVIN HUDSON CAGLE, Appellant.

Harrison M. Dunham for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

FOX, J.—Defendant was convicted of attempted burglary. He appeals from the judgment on the sole ground that the evidence is insufficient to sustain his conviction.

While the home of Louis Perrotti, at 4247 Eleventh Avenue, Los Angeles, was unattended on the evening of August 27, 1955, his next door neighbor, Mrs. Betty Gregory, heard a disturbing noise "like a lock being moved or a window . . ." She called out "Louie" thinking Mr. Perrotti had returned home. She did not, however, receive any response. Upon a recurrence of this noise Mrs. Gregory raised the Venetian blind and observed a man about 6 feet from the Perrotti home. He was about 10 feet from her house. He was cutting across the driveway. She watched him all the way out. It was dark, being shortly after 8 o'clock. All the lights in the Gregory house were on. Mrs. Gregory did not see his face. He was wearing a sport shirt—"a light shirt with figures in it"—that hung out, and light trousers. Mrs. Gregory called to her sister, Mrs. Koch, who was in the front room. They both followed the man. Mrs. Gregory observed a police car. She told the officers what she had seen. Mrs. Koch continued to follow the man. The police inquired of her, "Which way did he go?" She pointed him out; "he was in the center of the street, in the light." The police brought him back to

the Perrotti driveway. Mrs. Gregory identified the man as the person she saw leaving the Perrotti home. Not "more than 10 minutes" elapsed between the time she saw him leaving the Perrotti premises and his return by the police.

A small knife was taken from defendant by the police upon his arrest. Microscopic examination of the blade revealed a series of uniform and parallel scratches similar to those made by screen wire. Some debris was removed from the cutting edge of the blade. That was compared with material taken from the Perrotti screen that had been cut. The materials were similar. A chemical test was also made of the debris to determine whether it had rust in it; the test showed that it had, similar to the debris removed from the screen.

When defendant was apprehended the officers observed that his forearms, his pants and the tip of one of his shoes had on them what appeared to be white oxide paint. The Perrotti house was painted white with a green trim.

When arrested, defendant told the officer he was supposed to meet his girl friend "down here on West Washington some place." When the officer pointed out that he was quite a distance from Washington Boulevard defendant refused to tell anything more.

Four days after his arrest, Officer Wright questioned defendant. He explained his presence in the neighborhood by relating that he had been drinking with a man he knew at 43d Street and Central Avenue, in Los Angeles; that the friend was too drunk to drive, so defendant started to drive the friend's car back to the latter's home. The friend got mad at the way defendant was driving the car, so defendant got out of the car and left him. Defendant admitted going "between a couple of houses over around 11th Avenue" but insisted he just went back there to urinate. He said a lady spoke to him while he was there. The officer then asked him, "Well, did you cut a screen back there?" Defendant replied, "You know I can't say that."

Defendant does not question that someone attempted to break into the Perrotti house. His position is that the evidence is insufficient to prove that he is the person who attempted such entry.

■ It is elementary that before a conviction may be reversed on the ground of the insufficiency of the evidence "it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below. [Citation.]

■ We must assume in support of the judgment the existence of every fact which the trial court could have reasonably deduced from the evidence, and then determine whether and facts 'justify the inference of guilt.' [Citation.]'' (*People* v. *Frankfort*, 114 Cal.App.2d 680, 689 [251 P.2d 401].)

■ Applying these principles, the trial court could reasonably find from the evidence that defendant was the person Mrs. Gregory saw on the particular evening only a few feet from the cut screen of the bedroom window of the Perrotti home; that she and her sister, Mrs. Koch, followed him down the street; that Mrs. Gregory informed the police what she had seen; that Mrs. Koch kept defendant in view and pointed him out to the police, resulting in his arrest. Defendant was returned to the Perrotti driveway by the officer where Mrs. Gregory identified him. This all occurred in the space of 10 minutes. True, neither of these witnesses saw defendant's face; hence they were not able to describe his features, but Mrs. Gregory described his dress in some detail. Such a description was worthy of credence, particularly in view of the short interval between Mrs. Gregory's disturbance by a noise at the Perrotti house, causing her to observe a stranger in the act of leaving, her pursuit of the defendant, and his immediate apprehension and return to the scene. The debris on the blade of defendant's knife, the scratches on the blade, and the paint on defendant's person and clothing corroborate Mrs. Gregory's identification.

Defendant failed to give a satisfactory explanation of his presence in the neighborhood. He also gave an evasive answer indicating a consciousness of guilt when asked whether he cut the screen.

Considering the evidence in its entirety, and the inferences that reasonably may be drawn therefrom, it cannot be said as a matter of law that the judgment of conviction is lacking in sufficient evidentiary support. (See *People* v. *Machen*, 3 Cal.App.2d 499 [39 P.2d 893].)

■ Defendant would have us draw inferences contrary to those drawn by the trial judge. A reviewing court is not at liberty to do this. (*People* v. *Gould*, 111 Cal.App.2d 1, 8 [243 P.2d 809].)

The judgment is affirmed.

Moore, P. J., and Ashburn, J., concurred.