[Crim. No. 1134.   Fourth Dist.   Apr. 29, 1957.]

THE PEOPLE, Respondent, v. WILLIAM HENRY FALLS,
Appellant.

Joseph A. Katz, under appointment by the District Court
of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Herschel T. Elkins, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with robbery while armed with a deadly weapon, a ball peen hammer. He was also charged with a prior conviction for burglary. He admitted the prior conviction and a jury found him guilty of robbery, and also found that at the time of the commission of the offense he was armed with a deadly weapon. He has appealed from the judgment and from an order denying his motion for a new trial.

During the early morning hours of December 22, 1955, Earl Wood was working alone as an attendant at a service station in San Bernardino. About 3 a. m. he counted the money in the cash register and found there about $55 in bills and four or five dollars in coin. Between 3:30 and 3:45 a. m. the defendant approached Mr. Wood carrying a 5-gallon gasoline can, blue in color, with a white stripe near the bottom. He asked for some gasoline and Wood filled the can. As he was hanging up the hose he was struck on his head and rendered unconscious. He next recalled being helped into the station house by the defendant who told him to open the cash register, which he did. The defendant removed the money from the till, and was then holding a ball peen hammer in his hand. The hammer did not belong to the service station. The defendant then tore out the telephone wires and told Wood to go to the men's room and stay there. Wood saw the defendant walking away carrying the gasoline can, and asked a passerby to call the sheriff's office. Later, Wood served a customer, and found there was no money left in the cash register. Wood was treated at a hospital for injuries to his head, his face showed bruises and cuts, and he was bleeding from his mouth. At the time of the trial he still had a scar above his right ear.

About 8:30 a. m. on December 23 a deputy sheriff asked the defendant why he did not admit this robbery, and the defendant stated: "I guess we will have to do it the hard way, I will go to Court and if the jury finds me guilty it is the truth and if they do not you will have to let me go." The defendant testified that he did not strike Mr. Wood; that he was not in this filling station at the time in question; and that from 2 a. m. to 7 a. m. on December 22 he was at his sister's house in Fontana playing poker with several other men. In rebuttal it was shown that his sister had left her

house a couple of days before and that the lights in that house had been turned off during the night in question.

■ The appellant first contends that there were inconsistencies in Mr. Wood's testimony, particularly as to how and where he identified the appellant; that his testimony was inconsistent with one statement made by one of the officers who testified; and that these inconsistencies were sufficient to raise a question as to whether the appellant was the man who committed this robbery. Mr. Wood positively identified the appellant at the trial. He had previously identified a picture of the appellant, and identified the appellant in a line-up. The record discloses no inconsistency in Wood's testimony with respect to the identification of the appellant, and there is no inconsistency between his testimony and that of the officer. This positive identification of the appellant was somewhat corroborated by the testimony of a Mr. Curry, a friend of the appellant, who testified that the appellant came to his house about 3:30 a. m. on this night and asked him for a can "to go get some gasoline to put in his car." This witness lived about a block from the service station where the robbery occurred, and Curry testified that he gave the appellant a blue can which had a white stripe around it near the bottom. Mr. Wood had had an ample opportunity to get a good look at the appellant, any question about the identification was for the jury, and the evidence is entirely sufficient to support the conviction. (*People* v. *Quijada*, 124 Cal.App.2d 422 [268 P.2d 745]; *People* v. *Shaheen*, 120 Cal.App.2d 629 [261 P.2d 752].)

■ It is next contended that the court erred in allowing evidence, during the cross-examination of the appellant, concerning the nature of his prior conviction. It is argued that the prior conviction was totally unrelated to the offense before the court and that the admission of this evidence violated the general rule that evidence concerning other crimes should be excluded. *People* v. *Channell*, 136 Cal.App.2d 99 [288 P.2d 326] is cited in support of this contention. During the cross-examination of the appellant he was asked whether he had previously been convicted of a burglary. This question was proper. (*People* v. *Cobb*, 45 Cal.2d 158 [287 P.2d 752].) He was then asked whether the burglary of which he had been convicted "was one that took place on Third Street here in San Bernardino." An objection was overruled and he replied, "Yes." He was then asked whether it was not true that in that prior burglary he had taken money from the

victim after striking him on the head over the right ear. An objection to this question was sustained, and no further attempt was made to show the nature of the prior offense. While evidence of this nature was probably admissible for the purpose of showing the same plan, scheme or system used in obtaining money from victims, an objection was sustained and no evidence in that regard was received. Nothing prejudicial appears in this connection.

Finally, it is contended that error appears in that during the cross-examination of the appellant the prosecution brought out evidence concerning certain purchases made by him the day after the offense was committed, without any prior evidence that he was not in possession of funds before the commission of this offense, citing *People* v. *Orloff*, 65 Cal. App.2d 614 [151 P.2d 288]. It was pointed out in *People* v. *Gardner*, 128 Cal.App.2d 1 [274 P.2d 908], that the correct rule is that such evidence is relevant and admissible, but that the weight thereof is for the jury. It may also be said here, as was said there, that "In any event, the admission of the testimony in question would be harmless in view of the fact that the evidence is overwhelmingly sufficient to sustain the judgments of guilty." Moreover, the appellant had testified that he had bought clothes in Fontana at 9:30 a. m. on December 22, and it was proper to cross-examine him with respect to the matters about which he had testified, including what he had paid for the various articles. No objection was made except to a question about buying a shirt and a pair of socks. He also testified, without objection, that he had borrowed $5.00 from a woman about two weeks before and paid her back on December 22. There was also evidence that he had not worked for about a month before this robbery occurred. No prejudicial or reversible error appears.

The judgment and order appealed from are affirmed.

Griffin, J., and Mussell, J., concurred.