[Crim. No. 6082.   Second Dist., Div. Two.   Feb. 26, 1958.]

THE PEOPLE, Respondent, v. RICARDO ALONZO, Appellant.

Sam Bubrick for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

FOX, P. J.—Defendant was convicted of selling heroin in violation of section 11500, Health and Safety Code. He appeals from the judgment and order denying his motion for a new trial.

At approximately noon on April 23, 1957, Officer Anderson, of the Los Angeles Police Department, and a companion met defendant outside a café at Second and Hill Streets. The officer's companion went over and talked to the defendant for a couple of minutes. The officer and his companion then walked to Third and Hill Streets where they got into the car of the companion. They waited there for possibly 10 minutes when defendant, in company with another person, entered the back seat of the car. The person with Officer Anderson handed the defendant $12 over the seat, at which time the man with defendant delivered to the officer's companion a small red balloon that contained five capsules of heroin.

Later Officer Anderson appeared before the grand jury, testified to this same incident, and, relying on a picture from a "mug" book, identified a person other than the defendant as the one who made the sale. This resulted in an indictment being returned against the other person.

Soon thereafter defendant was arrested with two others and brought to the narcotics division. At the police line-up that followed Officer Anderson recognized the defendant as the person from whom the purchase of heroin was made at about noon on April 23d. The officer testified that there was no doubt in his mind that defendant was the person from whom the heroin in question was purchased.

The person with Officer Anderson was an informer, whom he had known for some four months, by the names of Johnny Morgan and Lewis Clyde. The officer did not know where he could be located.

Defendant denied any connection with the transaction.

Defendant's position is that "the evidence is not sufficient, as a matter of law, to support the judgment." He argues that the evidence of identification "is so weak as to constitute practically no evidence at all"; that it "does little more than create speculation as to his guilt," and "does not meet the burden placed on the People of proving him guilty beyond a reasonable doubt." He bases his argument on the fact that the officer identified another as the culprit in this transaction in his testimony before the grand jury.

■ The rule is firmly established that before a judgment can be set aside on the ground of the insufficiency of the evidence it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below. ■ We must assume in support of the judgment the existence of every fact which the arbiter of the facts could reasonably deduce from the evidence. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]; *People* v. *Frankfort,* 114 Cal.App.2d 680, 689 [251 P.2d 401].) ■■ It is the province of the trier of the facts to pass upon the credibility of the witnesses and determine the weight that should be given to their testimony; also, to resolve any conflicts and inconsistencies in their testimony, and this rule applies to conflicts and inconsistencies in the testimony of a particular witness. (*Peterson* v. *Peterson,* 74 Cal.App.2d 312, 319 [168 P.2d 474]; *Hansen* v. *Bear Film Co.,* 28 Cal.2d 154, 184 [168 P.2d 946].)

■ Applying these principles, it is clear that the evidence is sufficient to sustain the judgment of conviction. Implicit in the court's judgment is the implied finding that defendant was the person that made the sale in question. This necessarily means that the trial judge gave credence to the officer's testimony in court relative to his identification of the defendant as a participant in the transaction and concluded that the officer had been mistaken in his testimony before the grand jury. The court may reasonably have felt that an identification based on personal observation of defendant, his actions and movements, was more trustworthy than one based merely on a picture, and that the officer had simply made an honest mistake in his earlier testimony. Thus we have the defendant positively identified as the person who sold the contraband. This evidence amply sustains the conviction.

But, argues the defendant, the evidence does not meet

the State's burden of proving him guilty beyond a reasonable doubt in view of the inconsistency of the officer's testimony in this case and that previously given before the grand jury on the question of identification. As above noted, the resolution of that conflict was for the trial court. ▮ Furthermore, as pointed out in *People* v. *Daugherty*, 40 Cal.2d 876, 885 [256 P.2d 911], "The test on appeal is whether there is substantial evidence to support the conclusion of the trier of fact. It is not whether guilt is established beyond a reasonable doubt." As said in *People* v. *Smith*, 35 Cal.App.2d 73, 76 [94 P.2d 633], "it is a matter for the trial judge to be persuaded beyond a reasonable doubt and not this court." (*People* v. *Theus*, 136 Cal.App.2d 722, 725 [289 P.2d 534].)

The judgment and order are affirmed.

Herndon, J., and Kincaid, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.