[Crim. No. 6642.   Second Dist., Div. One.   Sept. 10, 1959.]

THE PEOPLE, Respondent, v. NOLA FAY HARRIS, Appellant.

Nola Fay Harris, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Marvin L. Part, Deputy Attorney General, for Respondent.

NOURSE, J. pro. tem.* — By indictment appellant was charged with selling, furnishing and giving away a narcotic, in violation of section 11500 of the Health and Safety Code.

After trial to the court, a jury having been expressly waived, she was found guilty as charged and sentenced to the

*Assigned by Chairman of Judicial Council.

California Institution for Women for the term prescribed by law. Appellant was represented at the trial by the public defender but prosecutes this appeal in her own person.

So far as we can determine from what she denominates her brief, her only claim of error is the insufficiency of the evidence to sustain the judgment. We have carefully read the transcript and are convinced that there is substantial evidence to sustain the finding of guilty made by the trial court.

Following is a summary of the evidence: It was stipulated that if one William King were called and sworn he would testify that a certain envelope handed him containing a rubber fragment which contained a white powdery substance, and that he had analyzed this white powdery substance and that it was heroin. His qualifications as a forensic chemist were also stipulated to.

One Nunley, a police officer of the Los Angeles Police Department testified that on May 14, 1958, at about 8:30 in the evening, he was walking east on East Fifth Street in the city of Los Angeles in the company of a woman known to him as Ramona but whose true name was Mary Baptiste. That he and Ramona were stopped by the defendant who said to Ramona, "Don't go down that way. Don't you see those narcotic guys over there." That the defendant then asked them to step into a stairway. That before meeting defendant he had told Ramona that he wanted to make a buy and that if the suspect would not let him make the buy he would give her, Ramona, the money and she could make the buy. That while they stood in the doorway defendant asked who he, Nunley, was and he stated his name was Willie. That the girls started to go up the stairway and Ramona asked him to give her the money for the buy and the defendant told him to wait at the bottom of the stairs. That he gave Ramona $9.00 and when the two women got to the top of the stairs and while he was standing on the third step from the bottom, he saw the defendant hand something to Ramona and saw Ramona give the defendant the $9.00. That the women then come down the steps; that he saw the defendant tucking the money in her brassiere and when they reached him Ramona handed him the balloon or rubber fragment which contained the heroin. That he then returned to the police station, sealed the balloon in a small envelope and marked it. That there was no question in his mind that the defendant was the same person who was engaged in the transaction above related.

Mary Baptiste was called as a witness for the defendant and testified in substance that she did not purchase the narcotic from the defendant but from another woman whose name she did not know but whom she introduced to Nunley as Nola and who resembled the appellant, Nola. She corroborated the officer's testimony that they did meet another woman and that she did go up the stairway and that she did get the rubber balloon that contained narcotics but insisted that this woman was not the defendant. The defendant denied that she was the person who sold the narcotic to Ramona.

The testimony of the officer was in itself sufficient to sustain the finding of guilty and it is quite evident that the trial court was not compelled to believe the testimony of the defendant or Baptiste that it was some person other than the defendant but who resembled her, from whom Baptiste made the purchase of heroin. There being substantial evidence to support the judgment, it must be affirmed. (*People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778].)

The judgment and order denying motion for new trial are affirmed.

Fourt, Acting P. J., and Lillie, J., concurred.