[Crim. No. 7184.   Second Dist., Div. One.   Dec. 23, 1960.]

THE PEOPLE, Respondent, v. ORA LEE POWELL, Appellant.

Harley E. Kempley for Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

FOURT, J.—This is an appeal from a judgment and from the order denying a motion for a new trial in a proceeding wherein appellant was found guilty of a violation of section 11501, Health and Safety Code.

In an indictment returned in Los Angeles County appellant, with several other unnamed persons, was charged with having sold heroin on or about November 12, 1959. Appellant was also charged with having been convicted twice previously of violating the provisions of section 11500, Health and Safety Code, namely on March 15, 1951, and on January 30, 1959. The appellant pleaded not guilty and admitted the two charged prior convictions. A trial by jury was duly waived and the judge found appellant "guilty as charged." The judge then set February 23, 1960, as the date when the matter "for probation and sentencing" would be heard.

On February 23, at the time of sentencing the following occurred:

"MR. KEMPLEY: (Attorney for Appellant) If your Honor please, at this time I make a motion to withdraw the admission of the two prior convictions in this matter.

"THE COURT: Does the District Attorney wish to contest the motion?

"MR. LEWIS: (Deputy District Attorney) No, your Honor.

"THE COURT: The motion will be granted.

"What is your desire with respect to the priors at this time?

"MR. KEMPLEY: We will waive a jury trial, your Honor, and have the court try the matter.

"THE COURT: Is that your desire, Miss Powell?

"THE DEFENDANT: Yes, it is.

"MR. LEWIS: People join in the waiver.

"THE COURT: Are the People prepared at this time to proceed on that matter?

"MR. LEWIS: The People have no evidence to offer, your Honor.

"THE COURT: The court makes no finding with respect to the priors."

Probation was then denied and the defendant was sentenced as a first offender.

A résumé of the facts is as follows:

Officer Tusan of the Los Angeles Police Department was working as an undercover plain-clothes man on November 12, 1959, in the narcotic division. In the morning of that day the officer met a man known as "Ernie" and they went to the vicinity of East 5th Street and Central Avenue. There Ernie introduced the officer to a third person and they then had a conversation with reference to narcotics. The three men drove in the officer's car "to the—or near the New Morris Hotel." The car was parked and the third person got out and walked to the northeast corner of East 5th and Stanford Streets and there met the appellant. The third person and appellant conversed and then walked across the street to the southeast corner of the intersection where the third person signalled to the officer to follow them which the officer did in his automobile. The third person and appellant walked to the Harlem Hotel and at that point the third person signalled the officer to park his car. The third person and appellant then went into the Harlem Hotel and were out of sight for about five minutes. The third person then came out of the hotel and called to the officer and Ernie. When the officer and Ernie entered the hotel the officer saw the appellant standing in the hallway with a fourth person. The fourth person gave the third person a bindle which contained heroin. The officer asked the price of the bindle and appellant answered "eight dollars." The officer then said in effect that he wanted two balloons and handed over $16 to the fourth person and thereupon the fourth person handed to the officer two bindles of heroin. The officer, Ernie, the third person and the appellant then went to the officer's car and the officer drove to or near the intersection of East 5th and Stanford Streets where the third person and the appellant got out.

Appellant testified in effect that she was not in the Harlem Hotel at the time in question because, among other things,

the vice squad had told her to keep away from the area in question otherwise she would be arrested, and furthermore that she never stated the price of the heroin to the officer. She contends that the evidence was insufficient to justify the judgment in that she was not identified and that the evidence does not establish that she was guilty of a violation of section 11501, Health and Safety Code.

This court will assume the existence of every fact and every inference which the judge could reasonably have deduced from the evidence. (*People* v. *Alonzo,* 158 Cal.App.2d 45, 47 [322 P.2d 42] ; *People* v. *Cagle,* 141 Cal.App.2d 612, 615 [297 P.2d 44] ; *People* v. *Frankfort,* 114 Cal.App.2d 680, 689 [251 P.2d 401].) Unless the circumstances of the case and the conduct of the accused are such that upon no hypothesis is there sufficient evidence (circumstantial or otherwise) to sustain the judgment by the trial court, the judgment will be affirmed. (*People* v. *Henderson,* 138 Cal.App.2d 505, 509 [292 P.2d 267] ; *People* v. *Primo,* 121 Cal.App.2d 466, 468 [263 P.2d 443] ; *People* v. *Stewart,* 113 Cal.App.2d 687, 690 [248 P.2d 768].)

The identification of the appellant by the officer in this case was positive. It was for the trial judge to pass upon the credibility of the witnesses and to resolve any conflicts in the testimony. (*People* v. *Barnett,* 159 Cal.App.2d 22, 28 [323 P.2d 96] ; *People* v. *Alonzo, supra,* 158 Cal.App.2d 45, 47 ; *People* v. *Ambrose,* 155 Cal.App.2d 513, 520 [318 P.2d 181] ; *People* v. *Quijada,* 124 Cal.App.2d 422, 424 [268 P.2d 745] ; *People* v. *Johnson,* 21 Cal.App.2d 673, 674 [70 P.2d 198].)

It was a factual question to determine whether the identification by the officer was sufficient. (*People* v. *Ramirez,* 163 Cal.App.2d 590, 593 [329 P.2d 499] ; *People* v. *Mazza,* 135 Cal.App.2d 587, 596 [287 P.2d 798] ; *People* v. *Thomas,* 103 Cal.App.2d 669, 672 [229 P.2d 836] ; *People* v. *Pastrana,* 136 Cal.App.2d 358, 359-360 [288 P.2d 568].)

The officer was positive that it was appellant who stated the price of the heroin. The trial judge indicated that he believed the officer and gave credence to his testimony. It cannot be said as a matter of law that the judgment is without support in the evidence. (*People* v. *Perkins,* 172 Cal.App.2d 781, 783 [342 P.2d 343] ; *People* v. *Taylor,* 159 Cal.App.2d 752, 757 [324 P.2d 715].) The judge was not required, under the circumstances, to believe the appellant. (*People* v. *Harris,* 173 Cal.App.2d 597, 599 [343 P.2d 765] ; *People* v. *Price,* 172 Cal. App.2d 776, 781 [342 P.2d 437] ; *People* v. *Shafer,* 101 Cal.

App.2d 54, 59 [224 P.2d 778].)　　■　This court will not reweigh the evidence. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

■　The evidence clearly shows that appellant at the very least aided and abetted in the commission of the crime charged. The prosecution is not required to demonstrate that appellant herself did the prohibited acts to sustain a conviction. (Pen. Code, § 31; *People* v. *Dalton,* 172 Cal.App.2d 15, 21 [341 P.2d 793].)　　■　The facts heretofore related indicate the very reasonable inference that appellant was the seller of the heroin, the officer was the buyer, and the third and fourth persons the so-called "go-betweens" or that appellant and the third and fourth persons were coparticipants in the sale of the heroin to the officer. (*People* v. *Taylor,* 52 Cal.2d 91, 94 [338 P.2d 337]; *People* v. *McNulty,* 171 Cal. App.2d 86, 89-90 [340 P.2d 340].)

The record in this case is such that there can be no question of the sufficiency of the evidence.

The matter of the prior convictions was a part of the accusatory pleading. In other words, the priors named in the indictment constituted a part of the charges against the defendant. In this case the defendant admitted without reservation that she had suffered such prior convictions as charged. She was found guilty of the selling of the heroin to the officer. The record makes no disclosure of what occurred at the time of sentencing other than the recital as made in the transcript heretofore set forth. Appellant gave no reasons for such a motion; nor did she give any reason why such a motion should be granted. The court made inquiry of the deputy district attorney whether he wished to contest the motion and the deputy district attorney supinely, and without even a query, indicated that such a procedure was agreeable with his office and that he had no objections to such a course of conduct. The judge then granted the motion. Appellant then denied that she had ever been convicted of the previous offenses charged. The judge in effect asked the deputy district attorney if there was any evidence to support the charges and he answered, "The People have no evidence to offer, your Honor." This statement was made to the judge in spite of the fact that the deputy district attorney and the judge apparently had before them the superior court file in this case which demonstrates clearly that the appellant not only was guilty of two prior narcotic convictions charged but of four narcotic offenses and of many other offenses. Furthermore, the original

records of the prior cases referred to were on file in the clerk's office and could have been secured in a matter of minutes.

The record of what took place at the time of sentencing is shocking and provides in part grounds for public revulsion with the administration of justice as it pertains to the narcotic traffic.

As the situation now stands, the defendant herself admitted in the first instance that on at least two occasions she had been convicted of narcotic offenses, and the records show without equivocation that she had been so convicted on at least four occasions; yet she is now serving a term as a first offender. A repetition of such practice may one day result in the people themselves drafting laws which will reflect no credit to the judiciary or the prosecuting officials.

The order denying the motion for a new trial and the judgment are and each is affirmed.

Wood, P.J., and Lillie, J., concurred in the judgment.